## BRYAN v. RHOADES, *Appellant*.

1. **Homestead**: DOWER: REVISED STATUTES 1879, SECTION 2694. Under the provisions of Revised Statutes 1879, section 2694, commissioners appointed to set out the homestead shall also set out dower. where the right of dower exists, and the amount of dower must be diminished by the amount of the widow's interest in the homestead.

2. ———: ———: ———. If the widow's homestead interest equals or exceeds in amount her dower in the entire estate, she can have no dower; but if the homestead interest is less than the dower, she is to have the difference between the two set off in dower in property other than the homestead.

3. ———; ———: ———. The homestead must first be set off so that it may be ascertained whether or not she is entitled to dower.

4. ———: ———: ———: PRACTICE. The proceeding to set out homestead and dower is but one cause of action and may be framed in one count. But the two go together and the widow cannot seek in one count the recovery of her homestead, and in a second count the recovery of dower, regardless of homestead.

*Appeal from Knox Circuit Court.*—HON. B. E. TURNER, Judge.

REVERSED AND REMANDED.

*L. F. Cottey* for appellant.

(1) The demurrer to plaintiff's petition should have been sustained : "Where there is an improper joinder of causes of action the statute makes it· a ground of demurrer. This provision of the statute does not apply to the manner of the joinder, *i. e.*, to the improper commingling in one count of matters that might be properly united in a petition by different counts—but to the substantial error of uniting in one or different counts, matters that cannot be united at all. The former error violates a rule of pleading and should be met by motion while the latter may be reached by demurrer." *Mulholland v. Rapp*, 50 Mo. 42 ; *House v. Lowell*, 45 Mo. 381 ; *Pickering v. Tel. Co.*, 47 Mo. 457 ; *Bank v. Dillon*, 75 Mo. 380 ; Casselman's Practice, 75. (2) A petition or answer may have as many counts as the party has causes of action or defenses, as the case may be, provided they are separately stated and are consistent with each other, and to be consistent, the facts must be so set out that both or all the counts may be true at the same time. Two or more counts are held to be inconsistent when the proof of one necessarily disproves the other. Two statements are not inconsistent if both may be true. *Darrett v. Donnelly*, 38 Mo. 492 ; *Thornton v. Irwin*, 43 Mo. 153 ; *Nelson v. Brodhack*, 44 Mo. 596 ; *Fugate v. Pierce*, 49 Mo. 441 ; *Rhine v. Montgomery*, 50 Mo. 566 ; *McAdow v. Ross*, 53 Mo. 199 ; *Smith v. Culligan*, 74 Mo. 388 ; *Davis v. Rogers*, 79 Mo. 283 ; *Southworth Co. v. Lamb*, 82 Mo. 242 ; Bliss on Code Plead., sec. 122. (3) Parties must ascertain the nature of their demands before they go to law—they cannot set up one claim and ask that in the event it should turn out unfounded then that another cause of action may be tried. They must

assume that the facts are one way and ask the appropriate relief. *Robinson v. Rice*, 20 Mo. 230; *Pensenneau v. Pensenneau*, 22 Mo. 27; Casselman's Practice, 99. Again, consistency of proceeding is required of all those who come, or are brought before the courts. Bigelow on Est. [3 Ed.] 562, 601; *Callaway v. Johnson*, 51 Mo. 33; *Crutchfield v. Railroad*, 64 Mo. 255; *Type Foundry v. McCann*, 68 Mo. 195; *McGonigle v. Dougherty*, 71 Mo. 259. (4) The trial court should have required plaintiff to elect on which count or cause of action stated in her petition she would stand and go to trial upon. *Childs v. Bank*, 17 Mo. 213; *Mooney v. Kennett*, 19 Mo. 552; *Brown v. Railroad*, 20 Mo. 427; *Otis v. Bank*, 35 Mo. 128; *De Haven v. Davis*, 35 Mo. 406; *Keane v. Kyne*, 2 Mo. App. 317. (5) Where there are separate and distinct causes of action joined in the same suit, but stated in separate counts, there should be a separate finding upon each count. There were three different causes of action stated in this petition in three separate counts, and the verdict or judgment being only on the second count was bad, and should have been arrested. *Mooney v. Kennett*, 19 Mo. 551; *Clark v. Railroad*, 36 Mo. 203; *Pitts v. Fugate*, 41 Mo. 405; *Collins v. Dulle*, 45 Mo. 269; *Owens v. Railroad*, 58 Mo. 386; *Bricker v. Railroad*, 83 Mo. 391; *Lancaster v. Ins. Co.*, 92 Mo. 460.

*O. D. Jones* for respondent.

(1) The demurrer was properly overruled. It is uniting incongruous "causes" such as tort and contract that is referred to in statute. *Mulholland v. Rapp*, 50 Mo. 42. (2) Same as to motion to strike out. It is in law equivalent to general demurrer. *Austin v. Loring*, 63 Mo. 19. None of the grounds stated in the motion are sufficient for demurrer. *Morgan v. Bouse*, 53 Mo. 219. They all go to some minor matters not fatal.

*W. C. Hollister*, also, for respondent.

If the court should construe this petition of setting out three distinct and separate causes of action, yet each cause is distinctly and separately stated, and ends with a proper prayer and all three of said causes may be united, and there can be no objection to the pleading on that ground. *Childs v. Bank*, 17 Mo. 213 ; *Mooney v. Kennett*, 19 Mo. 551 ; *Doan v. Holly*, 25 Mo. 357. And the different causes affect all the parties, so the petition is not bad for that reason. *Liney v. Martin*, 29 Mo. 28. Then if the different causes set forth in this petition were all separately stated and affected all the parties, the lower court was right in overruling appellant's demurrer to the petition. *Otis v. Bank*, 35 Mo. 128 ; 35 Mo. 406 ; *Clark v. Railroad*, 36 Mo. 202 ; *Burnside v. Wayman*, 49 Mo. 356. And plaintiff having claimed possession of the whole forty acres, she may recover a part. *Gray v. Givens*, 26 Mo. 291. The widow may have both dower and homestead in the same estate. *Gragg v. Gragg*, 65 Mo. 343. The land in question was sold for the payment of debts, but the purchaser, appellant herein, is not entitled to possession thereof until the death of the widow. *Poland v. Vesper*, 65 Mo. 727. If each count in this petition sets forth a separate cause of action, then the doctrine of " election " does not apply and the motion to compel plaintiff to " elect" was properly overruled.

BLACK, J.—The plaintiff is the widow of Daniel M. Bryan, who died in November, 1877, leaving a number of children, some of whom are still minors. The first count of the petition sets out these facts, and then states that deceased and his family, at the time of his death, occupied and resided in a house situated on one-fourth of an acre of land in the unincorporated

town of Novelty ; that in connection with this residence, he cultivated, used and occupied, as part of his homestead, forty acres of land, located two and one-half miles from the town ; that she claims the house, lot and land as a homestead ; that in 1883, the administrator of her husband's estate sold the land to defendant to pay debts of the estate, which were contracted after the purchase of the land ; she asks that the house, lot and land be set off to her as a homestead, alleging that the whole is of no greater value than twelve hundred dollars. The second count sets out the marriage and death of her husband as before, and then states that he died seized of the forty acres of land ; that dower has not been assigned to her, possession of the land by defendant and prays for the assignment of dower and damages for the detention thereof. No mention is made of the house and lot. The third count is an action of ejectment for the land, the forty acres.

Defendant's demurrer for a misjoinder of causes of action being overruled, he moved to strike out the second count, which motion was overruled, and he declined to plead over. The court gave judgment for dower. After the approval of the commissioners' report, defendant took this appeal.

By reference to section 2694 of the Revised Statutes, it will be seen that the amount of dower must be diminished by the amount of the widow's interest in the homestead. If the widow's interest in the homestead equals or exceeds, in amount, dower in the entire estate, then she can have no dower. If her interest in the homestead is less than dower in the entire estate, then she is to have the difference set off to her in dower. *Graves v. Cochran*, 68 Mo. 76. The homestead must first be set out. This is the plain letter of the statute. Until that is done and the widow's interest therein valued, it cannot be told that she is

entitled to dower. When her interest in the homestead is valued, and her dower in the entire estate is valued, if there is a difference in her favor, then the amount of that difference is to be set off to her in dower in property other than the homestead. The proceeding to set out the homestead and assign dower is but one cause of action. The two go together. The amount of dower is dependent upon her interest in the homestead.

Here the plaintiff seeks first to get house, lot and land for a homestead; failing in that, she seeks to get dower in the land, regardless of her homestead interest in the house and lot. This she cannot do. The motion to strike out should have been sustained. If the plaintiff claims both homestead and dower, then the first count can be framed with both of these objects in view. In no other way can the provisions of the law be carried into effect. Possibly she may be entitled to both land and house as a homestead, but upon this point we express no opinion, for the facts of the case are not disclosed. Whatever her rights are, they can be adjusted in one cause of action.

The judgment is reversed and the cause remanded to be proceeded with in accordance with this opinion. RAY, J., absent; the other judges concur.