Gore v. Riley.

GORE, Administrator, v. RILEY et al.; TALITHA RI-
LEY, Appellant.

**Division Two, March 26, 1901.**

1. **Homestead:** JOINT ESTATE. The widow and minor children are not
   tenants in common in the homestead, but their rights are more in
   the nature of joint tenancy, as they may occupy the homestead
   jointly as long as the right to do so exists.

2. ————: ————: ASSIGNING DOWER AND HOMESTEAD. The widow and
   each one of the minor children are not entitled to a certain definite
   part of the homestead, nor to have a fixed value placed on the share
   of each. The commissioners should set out $1,500 worth of land as
   a homestead. Then in admeasuring the widow's dower, they should
   add to that as much more as makes up her dower of one-third. It is
   not proper to *compute her interest* in the homestead and then add
   to that enough land to make up her one-third of the entire landed es-
   tate.

Appeal from Jackson Circuit Court.—*Hon. E. P. Gates,*
Judge.

AFFIRMED.

*Paxton & Rose* for appellant.

The statute provides (Laws 1895, p. 186) that if the
widow remarries, her homestead is forfeited. But the statute
on dower (Revised Statutes 1889, section 4513), provides
that the widow shall hold one-third for life. Hence, when
homestead constitutes part of the dower, it can not be forfeited
by the remarriage of the widow. Therefore, in cases like the
present, where the dower exceeds the homestead interest, we
may entirely disregard the provision of the statute that the widow

shall forfeit homestead on remarriage because in this case there can be no forfeiture. Under section 5440, Revised Statutes 1889, we therefore first set off $1,500 worth of property as a homestead to the widow and minor children. The widow's age was 37 years, and her expectancy of life, according to the American experience table, which has been recognized by our Supreme Court as applicable to other than insurance cases (Boettger v. Scherpe, 136 Mo. 531), was 30 years. The children's ages were: Lou Lee Riley, 14 years; May Belle Riley, 11 years; and Alverta Riley, 3 years. Therefore, in the homestead, Lou Lee Riley had a fourth interest for four years or all for one year. May Belle Riley had a fourth interest for four years and a third for three years, or all for two years. Alverta Riley had a fourth interest for four years, a third for three years, and a half interest for eight years, or all for six years. Talitha Riley, the widow, will have a fourth interest for four years, a third interest for three years, a half interest for eight years and all for fifteen years, or in all twenty-one years. The children will therefore have the homestead for nine years and the widow for twenty-one years, or in other words the widow has seven-tenths of the $1,500 homestead or $1,050. Therefore, $1,500 worth of land should be set aside as a homestead. Then, dower should be set off to the widow including this $1,500 homestead; and this dower should be one-third of the estate plus $450 worth of land, because the one-third includes $450 belonging to the children. If we give the widow only one-third including the $1,500 homestead, her dower is diminished by the whole homestead, not by the widow's interest in the homestead as provided by section 5440, Revised Statutes 1889. It is true that the widow gets more than one-third of the land after the children become of age; but before they become of age she gets less than a third, and the two differences exactly balance one another.

*John A. Sea* and *John D. Strother* for respondent.

The title, or estate, of widow and children in homestead passes to them, jointly, until the children become of age. Sec. 5439, R. S. 1889; Skouten v. Wood, 57 Mo. 380; Keyte v. Perry, 25 Mo. App. 400; Richards v. Smith, 47 Mo. App. 623; Rhorer v. Brockage, 86 Mo. 544. It is not a tenancy in common. Canole v. Hunt, 78 Mo. 649. But it has the properties of a joint tenancy and an estate by entirety: right of survivorship. Rockley v. Rockley, 97 Mo. 76; right of joint occupation. Keys v. Hill, 30 Vt. 760; Canole v. Hunt, 78 Mo. 649. It can not be partitioned. Rhorer v. Brockage, 86 Mo. 544. Each is seized *"per my et per tout."* Kochling v. Daniel, 82 Mo. 54; Canole v. Hunt, 78 Mo. 649. The contention of appellant that each is entitled to a certain definite or fixed part of the land, and that the same has a fixed value, implies a co-tenancy and all its incidents—otherwise argument fails.

BURGESS, J.—This suit was instituted by J. A. Riley, Administrator of the estate of John T. Riley, deceased, but since it has been pending in this court J. A. Riley died, and the present plaintiff has been duly appointed administrator of said estate, and upon his motion substituted as plaintiff herein instead of J. A. Riley, deceased.

On the seventh day of December, 1896, the administrator of John T. Riley, deceased, filed his petition in the probate court of Jackson county, in which it was alleged that said John T. Riley died seized of the following described real estate situate in the county of Jackson aforesaid, to-wit: The west half of the northeast quarter and the east half of the northwest quarter and the northwest quarter of the southeast quarter of section 20, township 48, and range 30. It is alleged that

said premises were also occupied by said John T. Riley during his lifetime as a homestead. That said Talitha Riley is the widow of the said John T. Riley, deceased, and as such is entitled to dower in said premises and, together with the three minor children above named of deceased, is entitled to a homestead interest therein. That plaintiff is administrator of the estate of John T. Riley. That the estate is in debt. That there is no personal property to pay off said indebtedness. That the defendants have not had their dower and homestead in said premises admeasured, nor have they made any application or instituted any proceedings for the setting aside of said dower and homestead.

Plaintiff therefore prays the court for an order setting apart homestead to all of said defendants and assigning dower to the said Talitha Riley as their rights may appear.

The probate court appointed commissioners, who made the following report:

"We, the undersigned commissioners appointed by the probate court of Jackson county, Mo., at the February term, 1897, being the twentieth day of March, 1897, cause No. 1934, to set out the homestead from the real estate of J. T. Riley, deceased, and also to set out the dower of Mrs. Talitha Riley, widow of said J. T. Riley, in the real estate of said J. T. Riley, deceased, beg leave to report as follows:

"We met and after being qualified, as evidenced by affidavit herewith submitted, and after notifying the parties in interest, we proceeded to view and value the real estate of said J. T. Riley, deceased.

"We value the said real estate as follows:

| No. Acres. | Description of Sec. | Sec. | Twp. | R. | Valuation. |
|---|---|---|---|---|---|
| 40 acres. | N. E. 1-4 of N. W. 1-4 | 20 | 48 | 30 | $1,200 00 |
| 40 acres. | S. E. 1-4 of N. W. 1-4 | 20 | 48 | 30 | 1,000 00 |

Vol 161 mo—16

| | | | | | | |
|---|---|---|---|---|---|---|
| 40 acres. | N. W. 1-4 of N. E. 1-4 | 20 | 48 | 30 | 1,000 | 00 |
| 40 acres. | S. W. 1-4 of N. E. 1-4 | 20 | 48 | 30 | 800 | 00 |
| 40 acres. | N. W. 1-4 of S. E. 1-4 | 20 | 48 | 30 | 1,100 | 00 |
| 200 | Totals | | | | $5,100 | 00 |

"Thus showing the total valuation of said real estate to aggregate $5,100.

"We then proceeded, quality and quantity of land being relatively considered, to allot and set apart as such homestead, valued at $1,500, the northwest quarter of the southeast quarter, and twenty acres off of the south side of the southwest quarter of the northeast quarter of section 20, township 48, and range 30.

"We also find the value of the interest of the said widow, Mrs. Talitha Riley, in the homestead so set out to be $1,500 for and during her natural life, which sum does not equal one-third of the value of all real estate of which the said J. T. Riley died seized.

"We, therefore, proceeded to allot and set out as dower for the widow, Mrs. Talitha Riley, south ten acres of the north half of the southwest quarter of the northeast quarter, section 20, township 48, range 30, valued at $200 which, together with the value of the interest of said Mrs. Talitha Riley in the homestead aforesaid mentioned, equals $1,700, being one-third of the value of all the real estate of which the said J. T. Riley died seized.

"We also set out as roadway twenty feet off the south side of the southeast quarter of the northwest quarter of said section 20, township 48, range 30."

The probate court approved this report, overruling exceptions of the widow, Talitha Riley, and she appealed to the circuit court. The case came up at the September term of the circuit court of Jackson county, at Independence, 1897, and

was submitted to the court on the following agreed statement of facts:

"It is agreed between the parties hereto that the valuation placed by the commissioners upon the land out of which homestead and dower is to be set out are correct as to the whole and as to the separate tracts and that the residence of the deceased was upon the northwest quarter of the southeast quarter of section 20, township 48, range 30.

"That the widow, Talitha Riley, is 37 years of age, and that the children's ages are as follows: Lou Lee Riley, 14 years; May Belle Riley, 11 years; and Alverta Riley, 3 years of age.

"That Lou Lee Riley and May Belle Riley are the step-children of the widow, Talitha Riley, and do not reside with her on said homestead, but do reside, and have since babyhood resided, with their maternal grandmother, and are now in delicate health, requiring the constant care of said grandmother and can not at present reside upon said lands.

"It is agreed by the parties that upon the above facts the court shall determine whether or not said report shall be approved, and if not approved shall determine how much, if any, and what land is to be added to that part which has been set apart by said commissioners to the widow as dower, it being agreed that the valuation of the part set out as homestead to the widow and minor children is correct."

On November 27, 1897, the circuit court approved the report of the commissioners, and defendant, Talitha Riley, excepted. Within four days she filed her motion for new trial as follows:

"Comes now said Talitha Riley and aks the court to grant her a new trial in said cause:

"1st. Because the finding of the court is against equity and the law.

"2nd.   Because the finding of the court is against the
evidence and against the pleadings and the agreed statement
of facts submitted in this cause."

On December 11, 1897, the court overruled this motion
for a new trial, and defendant, Talitha Riley, excepted.   She
then filed her affidavit for appeal which was allowed.

The minor defendants were represented by their guar-
dians.

It is clear from the reading of section 5439, Revised
Statutes 1889, that upon the decease of the husband and father
the homestead estate owned by him at the time of his demise
passed to his widow and children jointly, until the children
become of age.   [Rhorer v. Brockhage, 86 Mo. 544.]   The
widow and minor children are not tenants in common in the
homestead estate (Canole v. Hurt, 78 Mo. 649), but their
rights are more in the nature of that of joint tenants, as they
may occupy the homestead jointly as long as the right to do so
exists.

The contention of the widow that she and each one of the
minor children are entitled to a certain or definite part, for
the time each should have it, and that such interest has a fixed
value, is untenable, for it is plainly not in accord with the
law or its spirit.   This could not be so unless they were ten-
ants in common, which they are not.

The value of the lands of J. T. Riley was $5,100.   The
commissioners set out $1,500 worth of land as a homestead,
and then added to this $200 in addition as a dower for the
widow, making in all $1,700, and Mrs. Riley's contention is,
that her interest in this $1,500 homestead ought to have been
computed and then enough land added to the interest so found
to make up her $1,700 dower for life.   Or, in other words,
if she had less than $1,500 interest in the homestead, the
whole $1,500 ought not to have been deducted from her dower,

but that her dower should be diminished only by her interest in the homestead, and not by its entire value. By section 5440, Revised Statutes 1889, it is provided that where commissioners are appointed to set out a homestead they shall, in cases where the right of dower also exists, also set out such dower, and they shall first set out such homestead, and from the residue of the real estate of the deceased shall set out such dower, but the amount of such dower shall be diminished by the amount of the interest of the widow in such homestead; and if the interest of the widow in such homestead shall equal or exceed one-third interest for and during her natural life, in and to all the real estate of which such housekeeper or head of a family shall have died seized, no dower shall be assigned to such widow. In passing upon this statute in Bryan v. Rhoades, 96 Mo. 485, it is said: "It will be seen that the amount of dower must be diminished by the amount of the widow's interest in the homestead. If the widow's interest in the homestead equals or exceeds, in amount, dower in the entire estate, then she can have no dower. If her interest in the homestead is less than dower in the entire estate, then she is to have the difference set off to her in dower. [Graves v. Cochran, 68 Mo. 76.] The homestead must first be set out. This is the plain letter of the statute. Until that is done and the widow's interest therein valued, it can not be told that she is entitled to dower. When her interest in the homestead is valued, and her dower in the entire estate is valued, if there is a difference in her favor, then the amount of that difference is to be set off to her in dower in property other than the homestead. The proceeding to set out the homestead and assign dower is but one cause of action. The two go together. The amount of dower is dependent upon her interest in the homestead."

In the case at bar the commissioners proceeded in accord-

ance with the statute, and the valuation of the widow's interest in the homestead, considering her age, can not be said to be so unreasonable as to justify a reversal of the judgment upon that ground.

The judgment should be affirmed, and it is so ordered. *Sherwood,* P. J., and *Gantt,* J., concur.