CASSITY, Executor, Appellant, v. POUND.

**Division One, March 12, 1902.**

1. **Dower and Homestead:** ASSIGNMENT.  In assigning dower and homestead to the widow, if the value of the dower exceeds that of the homestead, the method to pursue is to value the entire estate, take one-third of it, deduct the value of the homestead, and set that aside to her, then assign to her such other parts of the estate as make her entire assignment one-third of the whole.

2. ———: ———: VALUATION.  The actual value of the property is the true basis of compensation in assigning dower and homestead, but finding the rental value is only one method of finding the actual value.

3. ———: SALE AND TRANSFER: ADMEASUREMENT. The statute permits a widow to transfer her unassigned dower interest, and permits the transferee to maintain an action for the admeasurement of such interest.

4. ———: PRACTICE: STRIKING OUT PARTS OF ANSWER: ACQUIESCENCE. If respondent acquiesces in the action of the trial court in striking out so much of her answer as alleges an abandonment of her homestead rights and asks to be paid the value of her dower interest in kind, that action is not open to review on appeal.

Appeal from Linn Circuit Court.—*Hon. Jno. P. Butler,* Judge.

AFFIRMED.

*H. Lander* and *E. R. Stephens* for appellant.

(1) The report of the commissioners should have been set aside, because they gave defendant for life, one-third of the whole estate in actual value. No homestead was set out by the commissioners at all, but its value, as found by them, was added to the value of the dower. Their first duty was to set out the homestead in value, and deduct it from the value of the dower (the homestead being less than the dower). The homestead must first be set out, and until so done, dower can not be set off or ascertained. R. S. 1889, sec. 5440; R. S. 1899, sec. 3621; Graves v. Cochran, 68 Mo. 74; Bryan v. Rhoades, 96 Mo. 485; Gore v. Riley, 161 Mo. 238. (2) The primary object of the law is to give the widow one-third of the estate in kind so she may have actual use and possession of the same as a life estate, and she is entitled to her share in value, and in setting out her dower the rental value should be considered by the commissioners. From the entire record there is nothing to indicate that they made their report with any view whatever to the rental value of the estate. Rannels v. Washington University, 96 Mo. 231. (3) Upon the report of the commissioners and the whole record in the case it is

apparent that the homestead was made to stand for a part of defendant's dower, as the value of the homestead was added to the value of the dower. In this case, the homestead should have been deducted from the dower, and the difference between the two set off in dower in the estate other than the homestead as required by the plain letter of the statute. R. S. 1889, sec. 5440; R. S. 1899, sec. 3621; Graves v. Cochran, supra; Fryan v. Rhoades, supra.

*A. W. Mullins* for respondent.

(1) The defendant was entitled to one-third part of all his real estate of which he died seized and possessed, as dower, to hold and enjoy during her natural life. R. S. 1889, sec. 4513; R. S. 1899, sec. 2933. And she, as such widow, had the right to transfer and assign such dower interest in her husband's estate before the same was assigned and set apart to her. R. S. 1889, sec. 4514; R. S. 1899, sec. 2934. Under the homestead law, where the right of dower also exists, homestead and dower shall both be set out by the commissioners, the amount of the dower being diminished by the value of the homestead, but the homestead and dower set out shall together equal one-third in value of the real estate of the deceased. R. S. 1889, sec. 5440; R. S. 1899, sec. 3621; Gore v. Riley, 161 Mo. 238; Graves v. Cochran, 68 Mo. 74; Bryan v. Rhoades, 96 Mo. 485; Rannels v. Washington University, 96 Mo. 226. (2) Whether the premises which were occupied by deceased and his wife, in Guitar's addition to Linneus, at the time of the death of Presley Pound, were the homestead of the defendant, as alleged in plaintiff's petition, or had been abandoned by defendant as averred in her answer, is immaterial in this case, for the reason that said premises were, by the commissioners, set out to her and her dower interest in the residue of the estate diminished by the value fixed on said alleged homestead premises, which were, as shown by their re-

port, first set out to her, and secondly, dower in the remainder, making together one-third part in value of said estate. This proceeding was in every respect correct and as provided by the statute.

MARSHALL, J.—This is a proceeding by the executor of Presley Pound, under section 4546, Revised Statutes 1889, to have the homestead set apart to the defendant, and also to have the dower of the defendant in the lands of the deceased admeasured and set apart to her. The defendant renounced the provisions of the will in her favor and elected to take homestead and dower. In her answer, she alleged that the homestead was untenantable, and that she had abandoned her rights to it as a homestead (there were no minor children), and she further asked to have the value of her dower interest computed and paid to her in cash, instead of assigning her in kind, but the trial court, on motion of the plaintiff, struck out those parts of her answer, and tried the case upon the theory that she was entitled to homestead and dower both. In his reply, the plaintiff averred that since the institution of this suit, the defendant had sold and conveyed all her right, title and interest to John M. Pound and James S. Pound, and that she no longer had any interest in the subject-matter.

The court entered judgment that the defendant was entitled to homestead and dower, and appointed commissioners to set apart the same to her.

The commissioners reported that they found that the estate consisted of certain real estate, and then added:

"And after a careful examination of the property we fixed the value of the property as follows, to-wit:

On the hotel building (two-fifths interest) in
   block 26, Linneus........................ $1,400
Wanck building and hall, block 27, Linneus.... 1,500
2 store buildings, block 20, Linneus.......... 3,000

Residence, block 11. Linneus, G. A.........$    700
Bucklin storehouse lot, block 4, Bucklinville....    451
520 acres of land in sections 7, 8, 17 and 18,
    township 59, range 20, Linn county........ 13,520

Total valuation of the real property......$20,571

"Of which we admeasured and set apart the dower inter-est of Mary M. Pound, widow of Presley Pound, deceased, the following described real estate to-wit:

1.  Lots 6, 7, 8 and 9, in block 11, in Guitar's
    addition to the city of Linneus, valued at..    $700
2.  Also the west half of the southeast quarter of
    section seven, and the southeast quarter of
    the southeast quarter of section seven, and
    all that part of forty acres off the south side
    of the southwest quarter of section eight ly-
    ing west of the Chicago, Burlington and
    Kansas City railway and that part of the
    northwest quarter of section seventeen, lying
    west of the line of the Chicago, Burlington
    and Kansas City railway track, the two latter
    tracts supposed to contain about thirty acres.
    Also the east half of the northeast quarter of
    section eighteen, all in township fifty-nine
    of range twenty, in Linn county, Missouri,
    containing 230 acres more or less, valued at $6,157

Total valuation of dower............... $6,857

As a dower and homestead in said estate. All of which is respectfully submitted. Witness our hand, this twenty-seventh day of January, A. D. 1899."

The plaintiff excepted to the commissioners' report, the

Vol 167 mo—39

circuit court overruled the exceptions, and entered judgment confirming the report. The plaintiff, after proper steps, appealed to this court.

## I.

Only one question is presented for review by this record, to-wit, does the report of the commissioners conform to the requirements of section 5440, Revised Statutes 1889?

That section of the statutes is as follows:

"The commissioners appointed to set out such homestead shall, in cases where the right of dower also exists, also set out such dower, and they shall first set out such homestead, and from the residue of the real estate of the deceased shall set out such dower, but the amount of such dower shall be diminished by the amount of the interest of the widow in such homestead; and if the interest of the widow in such homestead shall equal or exceed one-third interest for and during her natural life, in and to all the real estate of which such housekeeper or head of a family shall have died seized, no dower shall be assigned to such widow."

The plaintiff contends that the commissioners violated this statute by not first setting apart the homestead, and then alloting dower out of the residue of the estate, diminishing the dower by the amount of the interest of the widow in the homestead.

The report of the commissioners shows that they first ascertained the value of all the land, including the homestead, to be $20,571. Then they found the value of the homestead to be $700, and they set that apart to the widow. Then they found that one-third of the total estate would amount to $6,857. So they deducted the value of the homestead ($700) from $6,857, which left $6,157, as the amount she was entitled to as dower, and thereupon set apart and assigned to her, as dower, in kind, other property of that amount.

Thus the widow was allowed as dower one-third of the whole, diminished by the value of the homestead. The dower plus the homestead is exactly equal to one-third of the whole. And this was in accordance with the provisions of section 5440, Revised Statutes 1889.

The plaintiff's contention that the statute was not obeyed is, therefore, dispelled by the face of the report itself. And the method pursued by the commissioners is substantially the same that was approved by this court in Gore v. Riley, 161 Mo. 238.

There is no evidence presented by this record to show whether the commissioners took the actual value or the rental value as a basis of computation. So there is no merit in the contention that the rental and not the actual value should have governed. But this contention is without merit for the further reason that the actual value is the true value. The rental value is only one method of finding the actual value.

Neither is there any merit in the reply that Mrs. Pound sold her right, title and interest after the institution of this suit. Section 4514, Revised Statutes 1889, expressly permits a widow to transfer her unassigned dower interest and permits the assignee to maintain an action for the admeasurement of such interest.

The defendant acquiesced in the ruling of the court in striking out the parts of her answer alleging abandonment of her homestead rights and asking to be paid the value of her dower interest in cash, instead of having it set apart to her in kind, so that those questions are not open to review now.

The judgment of the circuit court is right and is affirmed. All concur, except *Valliant, J.*, absent.