### ESAU NELSON v. THE STATE.

No. 2441. Decided March 19, 1902.

**1.—Murder—Conspiracy—Charge.**

On a trial for murder, a charge of the court was erroneous which told the jury that the court had admitted evidence tending to show the acts and doings and conversation of four other persons, several days before the death of deceased, and that this evidence was admitted to show a conspiracy. The charge was upon the weight of evidence, and indicated to the jury that the court thought the evidence proved the conspiracy.

**2.—Bill of Exceptions to Admitted Testimony.**

A bill of exceptions to testimony is defective which merely states defendants objections, since the statement of the grounds of objection to testimony are not equivalent to a certificate by the judge that such are facts.

**3.—Murder—Evidence—Acts and Declarations of Coconspirators.**

On a trial for murder, the acts and declarations of coconspirators made even prior to the formation of the conspiracy are admissible as illustrating the animus, purpose, and intent of the parties to the homicide.

**4.—Same—Imbecility of Defendant.**

Mere weakness of mind does not justify a violation of law, and a defendant is amenable to punishment if he does an act knowing the nature and quality of the act committed,—otherwise he is not liable.

Appeal from the District Court of Houston. Tried below before Hon. John Young Gooch.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The indictment charged appellant with the murder of Robert Alexander on the 26th day of August, 1901, by shooting him with a pistol.

Henry Nelson, Alma Crowson, Cressie Crowson and Ellis Nelson were also charged in separate indictments with the murder. It appears that certain slanderous statements and charges of a most vulgar character had been circulated about these young men and certain young ladies of the neighborhoood. The young men traced these slanders to one Henry Fellis, a negro; and he, after first denying them, finally declared that Bob Alexander, the deceased, was the party from whom he had received his information concerning the matter. Alexander had become apprised of the charges made against him, and told Dr. Nelson, the father of appellant and the other two Nelson boys above mentioned, that the reports were "nigger lies," and asked him to tell the boys to come down to his house and he would fix up the matter amicably. This was told them by Dr. Nelson and they went accordingly to the home of Alexander to see him. Alexander was armed with his Winchester rifle and his wife had a pistol. Henry Nelson was the first of the boys who arrived, and after some words Alexander asked, "Now, what are you going to do about it?" About this time the other parties came, and Alexander, throwing his gun down upon them, ordered them to throw up their hands. This command was obeyed by some of them, one of whom was appellant, who was unarmed. Some one fired a pistol, and thus the shooting commenced. Deceased fired his Winchester at them, but without serious effect. Some fifteen or twenty shots were fired, and after the conflict ceased both Alexander and his wife lay dead upon the ground. This is in brief a statement of the facts pertaining to the killing.

Evidence was admitted to the effect that several days before the killing the other parties above named, who were implicated in the murder, had compelled the negro Henry Tellis to sign what was called a "lie bill," and that at the same time some one present had said that deceased would have to sign a similar document or leave the county. Appellant was not present at this occurrence, but the testimony was admitted as going to show a conspiracy between the parties. The opinion presents fully the points relied on for a reversal.

*Moore & Newman* and *Adams & Adams,* for appellant.—The case ought to be reversed, (1) because the facts are not sufficient to support the verdict; (2) because the court admitted evidence of acts between other parties with which this defendant had no connection; (3) because the court charged on the weight of the evidence; (4) because the court charged on insanity, when there was no evidence to warrant such a charge.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at confinement in the penitentiary for a term of five years.

In his motion for new trial appellant complains of the following portion of the court's charge to wit: "The court admitted evidence in this case tending to show that four other persons had several meetings with each other, and that at a meeting several days before the death of the deceased the four persons induced a negro man to sign what was called a 'lie bill,' and that it was said by some one then and there present that the deceased or others would have to sign a similar paper or leave the county, or made some such remark. This evidence was admitted as tending to show a conspiracy." Appellant excepts to this charge, because: "(1) It assumes that it was a conversation between the four other persons; (2) that this was several days before the death of deceased, declaring the corpus delicti proven; (3) that they induced a negro to sign a 'lie bill'; (4) that some one present said deceased would have to sign a similar paper, or leave the county; (5) that this evidence was admitted as tending to show a conspiracy." We think appellant is correct in his contentions. The charge is upon the weight of the evidence and should not have been given. It would have been proper for the court to have limited this testimony by a proper charge. As insisted by appellant, the court should have told the jury that: "If the evidence before you shows any conversations between parties other than defendant, you will not consider such conversations as evidence against this defendant, unless the State has established beyond a reasonable doubt that a conspiracy had been formed to slay Alexander, and that this defendant was a party to this conspiracy, or had guilty knowledge of the same, and with such knowledge aided by words or acts in pursuance of such common design; and you are the judges of the evidence, and you can only say if such conspiracy existed, and if defendant acted in pursuance of the same." This, or one similar, should have been given in charge to the jury. Where the State relies upon the proof of conspiracy, the acts and declarations of a coconspirator, although made in the absence of defendant, are admissible to show the intent with which defendant co-operated with his coconspirators, and for no other purpose. A charge very similar to the one given by the court and complained of by appellant was considered by us in Santee v. State (Texas Criminal Appeals) 37 Southwestern Reporter, 436. We there held that if the court states that the evidence was admitted as tending to show a conspiracy, such would be charge on the weight of the evidence, as indicating to the jury that the court thought the evidence proved the conspiracy. See also Stephenson v. State, 4 Texas Crim. App., 591; Lunsford v. State, 9 Texas Crim. App., 217; Stevens v. State, 42 Texas Crim. Rep., 154, 59 S. W. Rep., 545; Hudson v. State, ante, p. 420.

The State was permitted to prove that Henry and Ellis Nelson and Alma and Cresssie Crosson had a conversation with one Henry Tellis about certain slanderous reports, and induced said Tellis to sign what they call a "lie bill," and that it was remarked then and there that Bob Alexander, deceased, would also have to sign it, or change his county.

Appellant excepted to this testimony on the ground that he was not present and had nothing to do with such matters; that it was res inter alios acta. As insisted by State's counsel, the bill is defective, in that mere grounds of objection to testimony are not equivalent to a certificate by the judge that such are facts. McGlasson v. State, 38 Texas Crim. Rep., 351; Henderson v. State (Texas Crim. App.) 62 S. W. Rep., 752; Kelly v. State, ante, p. 40. However, in view of another trial, we hold that the testimony would be admissible, since acts and declarations of a coconspirator, made even prior to the formation of the conspiracy, are admissible, as illustrating the animus, purpose, and intent of the parties to the homicide.

Appellant also complains that the court erred in charging upon insanity. In this there was no error. The evidence strongly suggests the issue, and it would have been error for the court to have failed to so charge the jury. Appellant's counsel, in their able brief, insist that the evidence does not raise the issue of insanity, but merely the puerility of appellant's mind. The testimony for appellant discloses that he was led at the wish and will of most any one who attempted to control him. Mere weakness of mind would not justify appellant for violating the law. If he does the act knowing the nature and quality of the act committed, he is amenable to the punishment imposed by the statute; but if insane, he is not. For a discussion of this question, see Cannon v. State, 41 Texas Criminal Reports, 467.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*