## Claude Mickey v. The State.

### No. 3453.   Decided January 31, 1906.

**1.—Theft of Cattle—Charge of Court—Extraneous Crime—Weight of Evidence.**

Upon a trial for theft of cattle, it was error to charge the jury that the State had introduced evidence tending to prove the theft of other property than that alleged in the indictment to have been stolen at the same time and place, etc.

**2.—Same—Charge of Court—Accomplices.**

Where upon trial for theft of cattle the evidence to some extent tended to show that there was more than one accomplice in the case, it was error to limit the consideration of the jury on accomplice's evidence to one accomplice.

**3.—Same—Charge of Court—Receiving Stolen Property.**

Where upon trial for theft of cattle there was some evidence suggesting that defendant may have been a receiver of the stolen property and not a principal, it was error to have refused a charge on receiving stolen property.

Appeal from the District Court of Hale.   Tried below before Hon. L. S. Kinder.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. C. Mathes* and *Dalton & Wilson,* for appellant.—On question of accomplices: Leach v. State, 81 S. W. Rep., 733; Reese v. State, 70 id., 424.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction is for theft of cattle, the punishment being fixed at two years confinement in the penitentiary.

The court charged the jury as follows: "In this case the State has introduced the evidence tending to prove the theft of other property than that alleged in the indictment to have been stolen at the same time and place. You are instructed that you can only consider such testimony for the purpose for which it was admitted; that is, to establish," etc. Various grounds of objection are urged to this charge. These are well taken under the following cases: Reese v. State, 67 S. W. Rep., 283; see also Nelson v. State, 67 S. W. Rep., 320; Santee v. State, 37 S. W. Rep., 436; Reese v. State, 70 S. W. Rep., 424; Wil-

liams v. State, 38 Texas Crim. Rep., 128; Hudson v. State, 66 S. W. Rep., 668.

The court, submitting the law of accomplices, limited the consideration of the jury to the evidence of the witness Livingston as an accomplice. Exception is taken to the charge because of this limitation, the insistence being that the witness Haynes, as well as Rosser, were accomplices. We think the evidence makes it clear that Haynes was an accomplice. The testimony to some extent tends to show that one of the Rossers was also so connected with the transaction that the charge should also have embraced him. We are of opinion that these exceptions are well taken; and upon another trial the charge in regard to accomplice's testimony should be broad enough to include both Haynes and Rosser.

Charges were requested submitting the issue that appellant may have been a receiver of stolen property, instead of being connected with the original taking. We are of opinion that such a charge should have been given. Some of the evidence suggests that he may have been a receiver and not a principal. We think the issue is sufficiently presented by the evidence to have required the court to give the special instruction instead of refusing it.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*