## BEN GREEN v. STATE.

No. 24412. June 15, 1949.

*D. H. O'Fiel,* of Beaumont, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

BEAUCHAMP, Judge.

The appeal is from a conviction for hog theft, with two years in the penitentiary.

This is a companion case to that of Mose Green v. State,

recently decided. (Page 442 of this volume.) The facts are practically the same as set out in the companion case.

Bill of Exception No. 1 complains of the section of the court's charge on circumstantial evidence. We quote the paragraph complained of:

"You are further instructed that the main facts sought to be proved by the State in this case is the taking by the defendant, either acting alone or with others, of two head of hogs from the possession of W. W. Minter and without his consent; and you are further instructed to prove such facts, the State relies entirely upon circumstantial evidence."

Before the charge was read to the jury appellant filed his written objections to said charge, which objections were disregarded by the court. In this we think there is error. In the first place, the state is not given the burden required of it by law to prove that the property was taken with intent to deprive the owner of the value of same and to appropriate it to the use of the accused. In the second place, it is a charge on the weight of the evidence in that one fact is singled out as "* * * the main facts sought to be proved * * *."

It was said in Beard v. State, 57 Tex. Crim. Rep. 323, 123 S. W. 147, in discussing a similar charge:

"The court is not permitted to single out one fact and charge upon it in cases of circumstantial evidence, and in fact perhaps in no case, unless specially authorized or required by the statute, or under peculiar circumstances not necessary to mention. Parnell v. State, 51 Tex. Cr. R. 620, 103 S. W. 907; Nelson v. State, 43 Tex. Cr. R. 553, 67 S. W. 320; Barnes v. State, 37 Tex. Cr. R. 320, 39 S. W. 684; Mickey v. State, 49 Tex. Cr. R 255, 91 S. W. 587; Reese v. State, 44 Tex. Cr. R. 37, 68 S. W. 283."

It is true that in another paragraph of the charge the court, in appropriate language, applied the law to the facts of the case, but this will not serve to correct the error hereinabove pointed out. When considered together, there is a positive conflict in the charge and we are not able to say which the jury might follow. In any event, the charge is directly on the weight of the evidence and, under all of the authorities of the state, it is held to be error.

The judgment of the trial court is reversed and the cause is remanded.