## Ance Moore, Alias John Thomas, v. The State.

### No. 3083.   Decided December 7, 1904.

**1.—Theft of Horse—Bill of Exceptions—Affidavit—Practice.**

Where the record showed that the trial judge had changed appellant's bill of exceptions tendered him without his consent, and filed the same, and appellant's attorney filed his affidavit showing that the change by the judge in the bill, struck out testimony admitted upon trial which was inadmissible, and which, if the exception had been properly reserved, would have been error; but the record also disclosed the fact that appellant did not follow his bill with sufficient diligence, and could have filed one sworn to by bystanders, the judge's certified bill will control, and the objectionable evidence set out in the attorney's affidavit can not be reviewed.

**2.—Same—Argument of Counsel—Illegal Testimony.**

Where testimony, though legally inadmissible, has been admitted by the court, the State's counsel is authorized to comment thereon, unless such tetsimony has been properly objected to and excluded.

**3.—Same—Accomplice Testimony—Corroboration.**

Where the evidence as to accomplices has been submitted by the court to the jury to decide the question of accomplice, but showed that two State witnesses were clearly accomplices, their testimony should nevertheless have been corroborated in order to sustain a conviction. See opinion, however, for evidence held sufficient to sustain such corroboration.

**4.—Same—Indictment—Alias.**

Where an indictment in the beginning alleged that A. M., alias J. T., did unlawfully, etc., and the alias is omitted in the succeeding portions of the indictment, a motion to quash on this ground was properly refused, where the name of defendant is styled the said A. M.

Appeal from the District Court of Parker. Tried below before Hon. J. W. Patterson.

Appeal from a conviction of horse theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Preston Martin,* for appellant.—The right to resort to bystanders arises only when the court has refused the offered bill of exceptions, and files his own bill in lieu thereof. Showing this to be error, we submit the following authorities: Code Crim. Proc., art. 724, sec. 854; Exon v. The State, 33 Texas Crim. Rep., 461; Bryan v. The State, 35 Texas Crim. Rep., 394; Livar v. The State, 26 Texas Crim. App., 115; Hill v. The State, 37 Texas Crim. Rep., 415; Johnson v. The State, 59 S. W. Rep., 898; Landrum v. The State, 40 S. W. Rep., 737; Rev. Stat., chapter 16, arts. 1363 to 1367.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of horse theft, and his punishment assessed at two years confinement in the penitentiary; hence this appeal.

On the trial appellant objected to the witness Mrs. Cobb, as court stenographer, reading from her stenographic notes the defendant's testimony on a former trial of this case. The bill embraces all of appellant's testimony delivered at said former trial, and without here copying the same, we will state that it is not a confession of the offense, but is a statement exonerating him and denying the evidence of State's witnesses as to matters inculpatory of appellant. Following this, however, as developed in the cross-examination, and which was evidently adduced for the purpose of impeachment, appellant is shown to have stated that he had gone under different aliases at different times, and that he had been charged with theft in the Territory and pleaded guilty thereto; that he had never stolen but three cows; that he was charged with stealing them and pleaded guilty; they agreed to *nolle prose* in that case if he would plead guilty. The exceptions contained in the original bill presented by counsel to the judge, showed that appellant assigned a number of reasons for his objection to the

introduction of said testimony. It appears that the court in signing the bill embodied the reasons assigned by appellant, except one which the court appears to have eliminated. Appellant's bill stating his grounds of objection was as follows: "That said testimony was not offered by the State for the purpose of impeachment of any witness or evidence offered by the defendant upon the trial of his case before this jury, but was only offered by the State's attorney for the sole purpose of getting before the jury his statement with reference to having been in the penitentiary for theft of cattle in the Indian Territory, and for the purpose of creating in the minds of the jury great and lasting prejudice against this defendant, and for the further reason that said testimony is irrelevant and immaterial and not pertinent to any issue in the trial of this case, and for the reason that defendant had not and did not testify in the trial of his case before this jury; and for the reason that the State had no right to offer statement or confession made by defendant, unless such statement or confession was to or concerning his guilt, and all the evidence as read to the jury by the court's stenographer purported to be evidence given by defendant at the former trial of his case, to the effect that he did not have anything to do with the taking of the horses alleged to have been stolen on or about the 15th of August, 1902, but that he was in the Indian Territory, a distance of some 325 miles from the place where the horses were alleged to have been stolen, all during the month of August, 1902, and knew nothing of the theft of said horses." It appears from an affidavit filed by appellant's counsel in this connection, that he prepared said bill of exceptions immediately after the trial of the case, and turned the same over to the county attorney, who kept it in his possession several days but would not agree with defendant's counsel on said bill; that he then presented said bill to the court for his approval, and the court, after keeping the same for two or three days filed and ordered filed said bill of exceptions number 1. But the court, without the knowledge or consent of the defendant or his counsel, and against the wishes of both defendant and his counsel, changed and modified said bill, and without the consent of defendant or his counsel struck from said bill as presented to the court by defendant's counsel, the objection contained therein as heretofore stated. It will be seen by an examination of the record, that the grounds of objection in the bill signed by the judge, nowhere embrace or point out the particular matter of objection urged by appellant in that portion of the bill eliminated. The bill signed and filed by the judge does not contain any objection to the stenographer's report, to the effect, that testimony of appellant at a former trial, in which on cross-examination he admitted he had been charged and convicted of other crimes, was not admissible for the purpose of impeaching appellant as a witness. In other words the bill as presented and filed by the court, not containing this special ground of objection to said testimony, cannot be considered or reviewed on that account. This brings up the question, whether or not

appellant has presented this matter in such a way as can be reviewed. We understand Exon's case, 33 Texas Crim. Rep., 461, to lay down the rule with reference to bill of exceptions, which follows the rule laid down by civil courts construing articles 1360 to 1369, Revised Civil Statutes, 1895, on this subject. Under this decision appellant can only take a bill of exceptions from the bystanders after the bill presented by him to the judge has been disapproved, and the court is not authorized to take appellant's bill and explain or modify it without his consent. It has been held, if the bill which has been corrected by the judge is accepted and filed by the defendant's attorney, the latter is estopped from claiming it is unfair. Jones v. State, 33 Texas Crim. Rep., 7. Here it does not appear that appellant's counsel was afforded any opportunity by the judge to agree to his correction. If the judge could not approve the bill, and appellant's counsel did not agree to the correction, then he should have disapproved the bill and prepared and filed his own bill of exceptions, and appellant would then have been afforded the opportunity to appeal to bystanders for a bill of exceptions. If appellant had treated the court's action as a refusal under the circumstances to approve his bill (which we believe he was authorized to do) he should then have appealed to bystanders, and have prepared and presented their affidavits in connection with his. Here he attempts to impeach the judge's bill by his own affidavit. We know of no authority which authorizes this course. It might be that if by the action of the judge, appellant had been deprived of his right to appeal to bystanders, then, on making such showing, in connection with affidavits of himself and others, showing the bill allowed by the judge was not correct, he might still be allowed to impeach the bill of exceptions as filed by the judge. But we do not understand this to be the attitude of this case. Although appellant says the judge filed the bill of exceptions as correct, without his knowledge or consent, we believe it was his duty to have followed his bill of exceptions with more diligence than is shown here. It was filed within the twenty days, and as far as we are advised there was still ample time left appellant to have taken steps to have filed a bill of exceptions sworn to by bystanders. We do not believe under the circumstances appellant could impeach the bill of exceptions as approved by the judge by his mere affidavit, however correct it may be. The testimony admitted, that is, the evidence of appellant as delivered on the former trial, with the exception of that portion relating to former offenses, was admissible. Wooley v. State, 3 Texas Ct. Rep., 236. That portion relating to former offenses, if the proper objection had been urged to its admission, should have been eliminated; but the bill as signed by the judge did not present such objection. So there was no error.

Appellant objected to the following language of the county attorney, in his closing argument: "Gentlemen of the Jury: I insist upon a conviction in this case, and ask that you assess the highest penalty, ten years. It is shown by the defendant's own statement in evidence here

that he is guilty of stealing in the Indian Territory, and that he was guilty of cattle theft in the Indian Territory." Said statement was objected to on the ground that it was unwarranted by the evidence, and a comment on evidence offered by the State over the protest of appellant's counsel made at the time, etc. Said testimony was admitted before the jury, and we are not prepared to say that the State was not authorized to comment upon it. If that testimony had been properly objected to, as shown in the preceding bill, and excluded; then another question would have been presented.

Appellant objects to the charge of the court on accomplices, on the ground that the court should have told the jury that the two Wingos (William and Otis) were accomplices. The fact as to whether or not they were accomplices was sufficiently submitted by the court to the jury, and it was not necessary for the court to tell the jury that they were accomplices. However, appellant insists they were accomplices, and their testimony is not corroborated by evidence of any other witness in such manner as would tend to connect appellant with the theft of said horse. We agree with appellant's contention that the Wingos were accomplices, and the jury should have so found, as Will had been convicted of the offense charged against appellant, and Otis had been indicted therefor and the indictment dismissed or agreed to be dismissed. Both, according to their testimony, were with appellant when he took the horse, and he took the horse under such circumstances as evidently made them particeps criminis with him. Does the testimony presented by this record show such a corroboration as would authorize the verdict to stand? In our opinion there is such testimony. Evidently the horse was stolen on the first day of July. Wingos and appellant left their homes, some six or eight miles from Weatherford, going in the direction of Weatherford. The Wingos (Will and Otis, and their brother Bud,—now in the penitentiary for the same offense) lived with their father, and were well known in that community. Appellant had recently come from the Indian Territory with Bud Wingo, and had been staying at the house of the Wingos for about a week or ten days prior to the alleged theft. On that morning appellant is shown by the Wingos to have stolen the gray mare. She was feeding near a lane. He asked whose horse it was; and they said they did not know; he said he believed he would take it, ran her into the lane, caught her and put his saddle on her, and one of the Wingoes led his horse to Weatherford. Subsequently, in proceeding on their journey they were met by the witness Whitmire, who was well acquainted with the Wingos, and he knew the gray mare in question, and describes how the parties were travelling, and that a stranger was riding the gray mare, and one of the Wingos was leading the brown horse. It will be noted in this connection that Whitmire did not identify the party riding the gray mare on that occasion as appellant, but he described him as a stranger. Appellant admits he was in that vicinity somewhere about that time. Old man Wingo, his wife and daughter

all identify the transaction of appellant leaving his house on that first of July, together with his sons, appellant and his son Otis, on their way to the Territory, and the other two boys going to Weatherford. Does this transaction sufficiently identify appellant as the stranger seen by Whitmire? Of course, if Whitmire identified him as the party there would be no question. He does identify him as a stranger in that community. Appellant was a stranger in that community; he had only been there about a week. He left with the Wingo boys on that particular morning, riding a brown horse. On that morning Whitmire identifies the same party with a stranger riding the gray mare, which he recognizes as prosecutor's, and he also states one of them was leading a bay or brown animal. We believe these circumstances tend to connect appellant with this transaction, and is corroborative of the testimony of the two Wingo witnesses. Nourse v. State, 2 Texas Crim. App., 304; Morton v. State, 21 Texas Crim. App.; Williamson v. State, 43 S. W. Rep., 523.

Appellant filed a motion to quash the indictment, because it did not carry throughout the entire indictment the aliases of appellant. In the beginning of said indictment, it is alleged that: "Ance Moore, alias John Thomas," did unlawfully, etc. "Alias John Thomas" is omitted in the succeeding portions of the indictment; but in stating the name of appellant he is styled the "said Ance Moore." This is sufficient and the court did not err in refusing to quash the indictment.

No error appearing in the record, the judgment is affirmed.

*Affirmed.*