B. F. DOWLING v. THE STATE.

No. 1611.    Decided March 20, 1912.

**1.—Burglary—Possession—Cross-Examination—Evidence.**

Where the State relied upon recent unexplained possession of the fruits of the burglary, and the defendant, for the purpose of showing that his possession was not exclusive, placed a witness on the stand who talked over the telephone to defendant's codefendant with reference to selling the alleged property, without bringing out the conversation over the phone, there was no error on cross-examination to bring out this conversation, inasmuch as defendant and his codefendant were acting together before the disposition of such property.

**2.—Same—Charge of Court—Principals.**

Where, upon trial of burglary, the evidence showed that defendant and his codefendant were acting together in attempting to dispose of the alleged stolen property, when they were arrested, the court properly charged the law of principals.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. Robt. B. Seay.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wiley & Baskett,* for appellant.—On the question of admitting in evidence the conversation of codefendant over the telephone: Bennett v. State, 43 Texas Crim. Rep., 241; Bogan v. State, 49 id., 109; Bowen v. State, 47 id., 137.

On the question of the court's charge on principals: Lara v. State, 48 Texas Crim. Rep., 568; Webb v. State, 47 id., 306; Goodman v. State, 47 id., 388; Ripley v. State, 51 id., 126; Moore v. State, 44 id., 526.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary, his punishment being assessed at two years confinement in the penitentiary.

This is a companion case to that of Myers v. State, recently decided by this court. The facts herein are practically the same as in the Myers case.

A bill of exceptions recites that the State relied on circumstantial evidence, that is, recent unexplained possession of the fruits of the burglary, and the defendant, for the purpose of showing that his possession was not exclusive, put one Dallas Reib upon the witness stand and proved by him that on the night of the burglary John Myers called up the said Reib over the telephone with reference to selling him some harness, but never asked said witness as to the conversation, and be it further remembered that there was no testimony offered showing that the defendant was present when the said Myers so talked with the said Dallas Reib, and be it further remembered that upon cross-examination of said witness Reib, the county attorney asked said witness what John Myers said to him in that conversation. Several objections were urged to this, principally that defendant was not present or heard the same, and was the declaration of third party out of the presence and hearing of the defendant, and for which he could not be bound. These were overruled by the court, and the witness answered that John Myers told him over the telephone that Bud Dowling (defendant) had a set of harness he wanted to sell. The court signs this with the qualification that "The defendant had put witness Reib on the stand and asked about this conversation. I held that the State on cross-examination was entitled to all of it. Furthermore, I think this evidence was admissible because a conspiracy was established between Myers and defendant, but if not, it was admissible to show the conspiracy, leaving it to the jury to decide when the conspiracy began."

The evidence in the case justifies the conclusion of the court, as we understand the record, in his qualification to the bill. Dowling and Myers were shown to have been acting together in the disposition of the property. Appellant did not talk to witness Reib, but he did call up Burton over the telephone and offer to sell him the harness in question. Burton went to his stable where he made an appointment with Dowling, the defendant, to inspect the harness. Dowling and Myers appeared there together with the harness in a sack, Dowling carrying it. When they poured it out on the floor of the stable for inspection by Burton the officers appeared on the scene and arrested both Myers and Dowling. These officers had been previously notified by Burton of the conversation occurring between himself and Dowling.

Appellant's theory was he had nothing to do with the theft of the harness or the breaking into the house for the purpose of stealing the harness, and was not present at the time and place of the burglary of the house and theft of the harness. His account of his whereabouts that night and his possession of the property were unsatisfactory to the jury, and we are of opinion the jury was justified in discarding that testimony. The harness after being taken was carried to the saloon of Motley, and from Motley's saloon it seems the telephone message passed between Dowling and Burton with reference to the harness, and the harness were carried from this point to Burton's stable. When charged with the theft, and when arrested, appellant gave no account of his possession. He states the reason he did not was because it would do no good. His claim was that he and Myers were selling it for a stranger. The stranger did not accompany them, nor was he shown to have been in their company by any evidence except that of the defendant. He was not with them at the stable, nor is he shown to have accompanied them to the stable where the harness was to be sold. We are of opinion the court did not err in admitting this testimony. The evidence shows an acting together between the parties. This conversation between Myers and Reib over the telephone occurred before the disposition of the property and while it was still in their possession. It was not the declaration of either one of the conspirators after the termination of the conspiracy, but it was a declaration of one of them with reference to the harness pending final disposition of the alleged stolen harness.

It is contended the court erred in charging the law of principals. We are of opinion this is not sustained by the record or the law. There were tracks of two persons found near the barn. These were not identified as the tracks of Dowling and Myers, but this evidence was introduced to show that two persons were concerned in the burglary. This occurred somewhere about 7:30 o'clock approximately. A few minutes after this they were in possession of the harness at Motley's saloon. Appellant accounts for his possession by saying he received the harness from another person who to him was a stranger. We are of opinion under the facts the court was correct in charging on the law of prin-

cipals. The parties were acting together as far as the evidence goes in all their relations to and connection with the harness which they had in their possession a very short time, perhaps less than half an hour, after the harness were taken from the barn. While they were not shown except by circumstances to have acted together in burglarizing the house and taking the harness, yet the evidence, though circumstantial, is sufficient to show they did burglarize the house. The immediate possession of the property by Myers and Dowling and all their subsequent acts in connection with the property and their seeking to dispose of it, and being caught in possession of it, was sufficient evidence to justify the court in charging the law of principals.

Finding no reversible error in the record the judgment is affirmed.

*Affirmed.*