### HENRY PACE v. STATE.

No. 1959. Decided January 8, 1913.

Rehearing Denied February 5, 1913.

**1.—Murder—Continuance—Second Application.**

Where defendant's second application for continuance did not state the witnesses were not absent by the procurement and consent of the defendant, and the same showed a want of diligence, there was no error in overruling same.

**2.—Same—Evidence—Reproduction of Testimony.**

Where, upon trial of murder, the State's witness who had testified on a previous trial was shown to reside beyond the limits of the State, there was no error in reproducing his testimony. Following Robertson v. State, 63 Texas Crim. Rep., 216, and other cases.

**3.—Same—Evidence—Stenographer's Transcript.**

Where the court stenographer testified that the testimony of the absent witness was a correct transcript of his testimony, there was no error in admitting same in evidence.

**4.—Same—Evidence—Threats of Defendant.**

Where, upon trial of murder, the court admitted the testimony as to defendant's threats to the effect that he would kill anybody who killed his hogs, and the same in connection with other testimony individuated the deceased as the person of whom defendant was speaking, there was no error; the court excluding other parts of the declarations which were not admissible. Following Pace v. State, 58 Texas Crim. Rep., 90.

**5.—Same—Evidence—Declarations of Defendant.**

Where the declarations of defendant taken together with other testimony were clearly admissible, there was no error.

**6.—Same—Evidence—Reproduction of Testimony—Bill of Exceptions.**

In the absence of a bill of exceptions to the reproduction of testimony of a witness living beyond the State, the matter cannot be considered, however, if properly presented, the testimony was admissible, a proper predicate having been laid.

**7.—Same—Accomplice—Testimony—Charge of Court.**

Where the charge of the court on accomplice testimony followed approved precedent, there was no error. Following Brown v. State, 57 Texas Crim. Rep., 570, and other cases.

**8.—Same—Accomplice—Charge of Court.**

Where it was not certain as to whether a State's witness was an accomplice, the court properly submitted the issue to the jury. Following Pace v. State, 58 Texas Crim. Rep., 90.

**9.—Same—Charge of Court—Imputing Crime to Another.**

Where defendant contended that another committed the murder, the court properly submitted that question to the jury, instructing them to acquit defendant in case of a reasonable doubt. Following Blocker v. State, 55 Texas Crim. Rep., 30.

**10.—Same—Charge of Court—Manslaughter.**

Where the evidence did not raise the issue of manslaughter, there was no error in the court's failure to charge thereon.

Appeal from the District Court of Cass.   Tried below before the Hon. P. A. Turner.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*R. D. Hart* and *Mahaffey & Thomas,* for appellant.—On question of declarations of defendant: Pace v. State, 58 Texas Crim. Rep., 90.

On question of court's charge on accomplice testimony: Green v. State, 60 Tex. Crim. Rep., 530; 132 S. W. Rep., 806; Pace v. State, 58 Texas Crim. Rep., 90; Stockman v. State, 24 Texas Crim. App., 387; Stephens v. State, 10 id, 120; Sessions v. State, 37 Texas Crim. Rep., 58; Davis v. State, 55 Tex. Crim. Rep., 495; 117 S. W. Rep., 159; Close v. State, 55 Tex. Crim. Rep., 380; 117 S. W. Rep., 137.

On question of reproduction of testimony: Pace v. State, 58 Texas Crim. Rep., 90.

*C. E. Lane,* Assistant Attorney-General, for the State.—On question of reproduction of testimony: Robertson v. State, 63 Texas Crim. Rep., 216, and other cases.

HARPER, Judge.—This is the third appeal in this case, the report of the opinions on the former appeals being reported in 58 Tex. Crim. Rep., 90; 124 S. W. Rep., 949; 61 Tex. Crim. Rep., 438, and 135 S. W. Rep., 379. In those cases will be found a sufficient statement of the evidence to render it unnecessary to state the facts here. Appellant was again found guilty of murder in the second degree, his punishment being assessed at five years confinement in the penitentiary.

Defendant filed an application to continue the case on account of the absence of Mrs. John Fricks and Charley Kyle. In approving the bill the court states: "The above and foregoing bill of exceptions approved, allowed and ordered filed as a part of the record in this cause, with the following explanation: Mrs. Fricks was present at the first trial of defendant and was not put on the stand. At his second trial defendant made an application to continue because she was

sick and could not attend it; was overruled. She and her husband lived in Bowie County. Her father lived near Atlanta, in Cass County, on February 6th. This case was set for Monday, 19th of February. On Sunday she, her husband and children left home in Bowie County and went to her father's in Cass County. Her husband came to court on Monday. I was reliably informed that Mrs. Fricks visited her father's home until after the trial and returned with her family to her own home. Her husband was firm friend of defendant and Dick Cain and attended all their trials, even the two examining trials. He was active in their defense. Several witnesses .on this trial testified to admissions made by Dick Cain that he killed deceased. Charley Kyle was a close friend of defendant and lived for a long time near him in Bowie County after this indictment and had never been summoned.'' These facts apparently defendant recognized to be true, as he accepts the bill and files it, and in consequence must have known he would be bound by the qualification. Hardy v. State, 31 Texas Crim. Rep., 289; Levine v. State, 35 Texas Crim. Rep., 647; Blain v. State, 34 Texas Crim. Rep., 448. The diligence as to the witness Kyle is insufficient, and the witness McLimore virtually admits all he states he expects to prove by Mrs. Fricks McLimore had said and done. As to the statements of Cain, a number of witnesses testify to the same facts, and this would be but cumulative of their testimony, and this being the second application for a continuance, this would not present error. But in addition to this, the application is insufficient in law, in that it does not state that the witnesses are not ''absent by the procurement and consent of defendant.'' White v. State, 9 Texas Crim. App., 41.

The defendant objected to the testimony of Frank Hill being reproduced. The first ground of the objection is that no sufficient predicate had been laid. S. T. Rudy testified, ''I know Frank Hill, who testified on a previous trial of this case. He lives in DeQueen, State of Arkansas. He is now at that place. He has lived in Arkansas for a year. He does not live or reside in Texas. He is my son-in-law.'' Webster Rudy testified: ''Frank Hill is my brother-in-law. He lives in DeQueen, Arkansas. His wife is at my father's house in Miller County, Arkansas. Have seen him there twice within the last month.'' This was a sufficient predicate to authorize the reproduction of the testimony. Post v. State, 10 Texas Crim. App., 579; Connor v. State, 23 Texas Crim. App., 378; Peddy v. State, 31 Texas Crim. Rep., 547; Robertson v. State, 63 Tex. Crim. Rep., 216, 142 S. W. Rep., 533.

The second objection was that the court erred in permitting the stenographer to reproduce the testimony as transcribed by him. The stenographer testified that it was a correct transcript of the testimony, and the court did not err. Stringfellow v. State, 42 Texas Crim. Rep., 588; Morawitz v. State, 49 Texas Crim. Rep., 366; Casey v. State, 50 Texas Crim. Rep., 392; Arnwine v. State, 54 Texas Crim.

Rep., 213; Cornelius v. State, 54 Texas Crim. Rep., 173; Underhill on Crim. Ev., Sec. 267.

In bills four and five it is complained that S. T. Rudy and Frank Hill were permitted to testify that appellant came to Rudy's house the evening of the killing and while there stated that "he would kill anybody who killed his hogs." When we take the connection of this remark together with the remaining portion of the testimony, it clearly individuates the deceased as the person of whom appellant was speaking, and this portion of the conversation was properly held to be admissible on the former appeal in this case. (Pace v. State, 58 Texas Crim. Rep., 90.) The court on this trial excluded all that part of the conversation which this court on the former appeal held to be inadmissible.

An isolated statement in the testimony of Watts McLimore is taken out and excepted to. When the testimony of the witness is read, it is seen that the testimony is clearly admissible, and shows that when leaving Rudy's house he had already conceived the idea of killing deceased, and carried it out less than half an hour afterwards.

The complaint in the motion for new trial as to the reproduction of the testimony of the witness, Watts McLimore, cannot be considered as no bill of exceptions was reserved, if it was objected to. However, were the matter properly presented, the court did not err in admitting the testimony. Mrs. Jack Porterfield testified: "I am a sister of Watts McLimore. I live at Vivian, Louisiana. Watts McLimore lives at Vivian, Louisiana. He has been living there now for two or three years. I left Vivian yesterday. He was not there then. He had gone off to some place in Louisiana. I have forgotten the name of the place. I received a letter from him yesterday written from that place. He is now in the state of Louisiana and not in Texas." This was a sufficient predicate to authorize the introduction of the testimony.

Objection is again made to the charge of the court on accomplice testimony. This court criticized the charge of the court in this respect on the two former appeals, but in writing his charge on this trial the court conformed his charge to the holding of this court in Brown v. State, 57 Texas Crim. Rep., 570; King v. State, 57 Texas Crim. Rep., 363, and other cases.

The complaint that the court erred in submitting the question of whether or not Watts McLimore was an accomplice, and in not peremptorily instructing them that he was an accomplice, was decided adversely to defendant's contention on the former appeal in this case. Pace v. State, 58 Texas Crim. Rep., 90. The same may be said as to the submission of this issue as to the witness, Don Cochran.

It is insisted that the court erred in instructing the jury: "If you believe from the evidence, or have a reasonable doubt that Dick Cain shot and thereby killed said Felix Grundy, then you will find the defendant not guilty." It was the contention of defendant that

Cain was the person who shot and killed deceased, and this was a proper submission of that issue, and it does not shift the burden on defendant to prove that Cain killed him. The court specifically tells the jury if they have a reasonable doubt in regard to the matter to acquit the defendant. (Blocker v. State, 55 Texas Crim. Rep., 30.) And having given this charge, it was not necessary to give the special charge requested in regard to this issue.

The facts in the case do not raise the issue of manslaughter, and the court did not err in failing to charge the jury on that degree of homicide. If the State's evidence is to be believed, the killing was without excuse, mitigation or justification. If the defendant's theory is true, he did not kill deceased, or if he did, he was justified in so doing. These issues were all fairly and fully submitted to the jury by the court, and defendant, we think, has had a fair and impartial trial.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied February 5, 1913.—Reporter.]