### R. B. HYDE v. THE STATE.

#### No. 2827.   Decided March 11, 1914.

#### Rehearing denied April 8, 1914.

**1.—Burglary—Accomplice—Charge of Court.**

Where, upon trial of burglary, the State's witness did not originate the offense, but assented thereto when it was suggested to him, but participated therein no further than to stand idly by, accepting a part of the stolen money, which he promptly returned to the officers and reported the matter to them, and the court submitted the question to the jury, who found that the witness was not an accomplice, there was no reversible error. Following Holmes v. State, 70 Texas Crim. Rep., 214, 156 S. W. Rep., 1172, and other cases.

**2.—Same—Evidence—Detective—Accomplice.**

Where, upon trial of burglary, the defense attempted to show that the main State's witness was an accomplice, there was no error in admitting testimony in rebuttal that said State's witness was a detective and made daily reports to his employers, and promptly reported the offense to the officers.

**3.—Same—Evidence—Letters—Co-defendant.**

Where defendant was jointly indicted with another for burglary and jointly tried, there was no error in admitting letters in evidence which were alleged to have been written by the co-defendant, the court properly limiting the same to said co-defendant, no injury having been shown.

**4.—Same—Charge of Court—Sufficiency of the Evidence.**

Where, upon trial of burglary, the conviction was sustained by the evidence, under a proper charge of the court, there was no error.

Appeal from the District Court of Williamson. Tried below before the Hon. Chas. A. Wilcox.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Taulbee*, for appellant.

*C. E. Lane*, Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of burglary. Appellant's main insistence in this court is that the evidence, as a matter of law, makes G. C. Galloway an accomplice, and the court erred in not so instructing the jury, and erred in submitting that issue to the jury for their determination. Galloway is a detective and was employed through the Pinkerton agency, to ferret out some crimes that had been committed in Taylor. He testified and the facts justify a finding that in the capacity of a detective, and in all the steps he took, it was with a view to the detection of crime. He originated no offense, but when this burglary was suggested he seemingly assented thereto, but participated no further in the commission of the offense than to stand idly by alongside of the building, and accepted part of the stolen money, which money he promptly turned over to the officers, reporting the matter to them and identified the two who did commit it. Whether or not such acts would constitute him an accomplice has been recently thoroughly discussed by this court in the cases of Holmes v. State, 70 Texas Crim. Rep., 214, 156 S. W. Rep., 1172, and Minter v. State, 70 Texas Crim. Rep., 634, 159 S. W. Rep., 286. In this case the court did not err in submitting that question to the jury, and the evidence will sustain a finding that Galloway is not an accomplice. Therefore, the evidence fully supports the verdict.

The appellant, throughout the case, earnestly labored to show that Galloway was an accomplice; therefore, there was no error in admitting testimony as to his employment as a detective; that he daily made reports of his actions to his employers, and promptly reported the burglary and delivered the money to the mayor, and the bills seeking to present objections to his testimony present no error.

Three letters alleged to have been written by Claud Atchison were admitted in evidence. Appellant and Atchison were jointly indicted charged with this offense, and jointly tried. Atchison's case is not before us on appeal. When the letters were introduced, the court instructed the jury they could not be considered as evidence against this defendant, but were only admitted as against Atchison and could be considered by the jury alone in passing on the guilt or innocence of Atchison. Under such circumstances the appellant has no ground for complaint, whatever view we might take of the matter if Atchison's case was before us. The letters would not and could not have had any bearing with the jury in passing on appellant's guilt, for there is nothing in them that would have any tendency to show his guilt.

We have read carefully the charge of the court and considered the objections made therto. The charge is given was a full, fair and admirable presentation of the law as applicable to the evidence in this case, and

the only special charges requested were embodied in the charge of the court.

Judgment is affirmed.

*Affirmed.*