# NOVEMBER 13, 1940

TOMMY CUMMINGS V. THE STATE.

No. 21240.   Delivered November 13, 1940.

The opinion states the case.

*Earl Shelton,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of burglary of the Moss Rose Cafe in Temple, Texas, and by the jury awarded a penalty of three years in the penitentiary.

There is but one bill of exceptions in the record and that relates to the objections and exceptions to the court's charge. In paragraph two thereof we find the following: "Defendant objects and excepts to said charge because the court fails to instruct the jury herein that State's witness, H. Rowlett, is an accomplice witness as a matter of law."

The testimony shows that this cafe was burgariously entered on March 1, 1940, and a quantity of goods such as cigars, cigarettes and money taken therefrom, as well as silverware ordinarily used in the restaurant business such as knives, forks, and spoons. A portion of this silverware had the name of the

cafe thereon. It appears that this property was probably placed by the thief in a pasteboard box kept under the counter in the cafe, and was carried away in such box.

On the night of this burglary, in another cafe in Temple, Miss Turner testified she saw Tommy Cummings, this appellant, between the hours of eleven and twelve o'clock, and served him and his companions with some soft drinks.

The witness H. Rowlett, a package liquor store man living in Austin, testified that appellant came to his store on March the second, 1940, and brought with him some cigarettes and money and asked witness to sell some silverware for him, which appellant had with him. The money was in nickles, and the silverware was in a cardboard box. The witness testified in part as follows: "This boy brought in some cigarettes. I offered to pay seventy-five cents for these cigarettes. The wholesale price is $1.42. I offered about half price. As to whether I thought they were stolen, I bought them cheap, awful cheap, I didn't ask him. I paid him for those cigarettes. I believe I bought approximately twenty cartons and I paid him for them. I bought some of those nickles from him. As to whether I thought the nickles were phony or something wrong with them, I gave him money for the nickles. I didn't ask him whether they were stolen. He asked me to dispose of those nickles for him. I kept the nickles to cash in for him. I guess I did think those nickles were hot."

The witness further said "he did offer to sell me some silverware," and it appears from the evidence that this silverware was identified as coming from the Moss Rose Cafe, and was part of the property stolen in the burglary. The witness also testified that he bought twenty dollars in nickles from appellant at such time. It was also shown by the testimony that when appellant was arrested for this burglary he was in front of the liquor store of the witness Rowlett.

The court's charge contained, among other things, the following: "As to the witness H. Rowlett, the court submits the matter to you to determine from the evidence adduced whether or not he is an accomplice. If you believe from the evidence that the said witness, H. Rowlett, bought cigars, cigarettes and nickles from the defendant, and knew or believed at the time that they were stolen, he would be an accomplice."

It is evident from the above excerpt that the court submitted to the jury the question of whether or not the witness Rowlett was an accomplice, and appellant objected and excepted to such

a submission. In our judgment the witness was an accomplice as a matter of law, and the uncontradicted testimony so shows. The court should have peremptorily thus instructed the jury that Rowlett was an accomplice, and under the testimony here presented we do not think there is any testimony tending to connect the appellant with the burglary outside the testimony of Rowlett, the accomplice. The only facts tending to corroborate this accomplice Rowlett are that appellant was seen in Temple the night of the burglary and was on the next day arrested in front of Rowlett's place of business. These facts would show that he *could have* committed the offense, but we are unwilling to say that they have sufficient cogency to tend to show that he *did* commit the offense. So believing, we think the trial court should have sustained appellant's request for a peremptory instruction to the jury to find appellant not guilty. Upon another trial hereof further circumstances may be presented.

This judgment is reversed and the cause remanded.