### ELBERT PHILLIPS v. THE STATE.

No. 22120. Delivered June 24, 1942.
Rehearing Denied October 21, 1942.

The opinion states the case.

*B. F. Whitworth,* of Linden, and *W. Clyde Hull* and *Otto S. Perfect,* both of Pittsburg, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the offense of burglary, and sentenced to serve two years in the penitentiary.

This is the second appeal of this case, the former appeal being reported in 154 S. W. (2d) 468.

The facts herein presented are somewhat different from the facts presented in the former case, especially so do we find them to differ in the testimony of Roy Bostick. In the former case we found Mr. Bostick as the purchaser of the stove alleged to have been taken from the burglarized school house to not have been an accomplice as a matter of law, but thought that the trial court should have submitted the question of his accompliceship to the jury with instructions to disregard his testimony should they decide he was such an accomplice, his testimony in that case having left it an open question as to whether he should have, by the exercise of ordinary prudence and caution, discovered that the stove which he purchased from appellant was stolen property. It showed that he purchased the stove at a fair price, and sold the same at the same price; that he thought nothing about the same having been stolen; that same was offered to him for sale on Sunday in the afternoon, it being located quite a distance away, and although delivered the same night, his suspicions did not seem to be aroused relative to the title to the stove, and he soon sold the same, it being unsatisfactory, for the price he paid therefor.

Not so, however, as to his testimony in this instant case. Bostick now testified that the stove when new would cost about $45.00, and it was practically new; he thought he was getting a bargain.

"I sorter thought something about them bringing it in that night when they brought it in the dead hours of the night,— made me feel suspicious. I told them if they wanted to they could leave the machines in the vacant room, and I was buying the stove. I didn't exactly feel like the stove was stolen, I didn't know. They first come to see me Sunday afternoon, and they brought the stove there that night after midnight. That was the first stove, you might say, I ever bought except from a retail merchant. That is the first night delivery I ever had, I believe. As to whether I kinder made up my mind I would not buy anything else like that,—well, I will say I will be more cautious about it the next time I buy anything. I didn't exactly in my own mind know it was stolen property, but I kinder had an idea after they brought it in that night. * * *

"Monroe Reed was at my house on Sunday afternoon when these boys come to my house, and was present and heard whatever conversation there was between me and Elbert Phillips concerning this stove. I called Monroe and asked him about buying the stove, and the three of us had a conversation. It is a fact that Monroe and I agreed among ourselves that I would sell the stove to him just to get it off my hands."

Appellant objected to that portion of the trial court's charge which submitted to the jury the question as to whether or not the witness was an accomplice, and he therein requested that the court peremptorily charge the jury that Bostick was such an accomplice.

On page 364, Sec. 712, Branch's Penal Code says:

"It is not always reversible error to leave it to the jury to determine whether a witness is an accomplice although such fact be apparent. Zollicoffer v. State, 16 Tex. Crim. App. 317; Dill v. State, 28 S. W. 950; Hankins v. State, 47 S. W. 933; Ransom v. State, 49 S. W. 582; Hilton v. State, 41 Texas Crim. Rep. 191, 53 S. W. 113; Carroll v. State, 62 S. W. 1061; Moore v. State, 47 Texas Crim. Rep. 414, 83 S. W. 1117; Pace v. State, 58 Texas Crim. Rep. 96, 124 S. W. 949; Vails v. State, 59 Texas Crim. Rep. 342, 128 S. W. 1117; Pace v. State, 153 S. W. 132; Wisnoski v. State, 153 S. W. 318; Creech v. State, 158 S. W. 277; Hyde v. State, 165 S. W. 195." Also see Sims v. State, 253 S. W. 280; Williams v. State, 33 Tex. Cr. R. 135, 25 S. W. 629, 28 S. W. 958, 47 Am. St. Rep. 21; Armstrong v. State, 33 Tex. Cr. R. 423.

The leading case relative to the above proposition is Zollicoffer v. State, 16 Tex. App. 317. In that case Judge Willson said:

"It is insisted by appellant that the court erred in submitting to the jury the question as to whether or not the witness Green was an accomplice; that the court should have directly charged the jury that he was an accomplice, the evidence being so conclusive of that fact. Whilst it would not, under some facts, be improper for the court in its charge to assume, and to instruct the jury that a witness is an accomplice (Williams v. The State, 42 Texas, 392; Barrera v. The State, Id. 260), still we do not think it is error to submit the question to the jury. It has been the practice in such cases to submit this issue to the jury, and, believing the practice to be a safe and proper one, and in harmony with the spirit of our system of procedure, we are not disposed to change it."

While the early decisions in this matter, above set forth, have evidenced great liberality towards the power of the trial court in submitting the question of accompliceship to the jury, even going so far as is shown in the Zollicoffer case, supra, in allowing the trial court to submit to the jury the question of accompliceship of a co-indictee of the person on trial for the same offense, the recent decisions have refused to follow the Zollicoffer case to such an extent.

We think the proper doctrine was laid down in the case of Elizando v. State, 31 Tex. Cr. R. 243, 20 S. W. 560, in which Judge Davidson said:

"But in the next place, if it be conceded that the facts adduced raise such an issue, in connection with her testimony, still it would not be incumbent upon the court to charge in affirmative terms that she was an accomplice.

"It was sufficient to submit that question to the jury as a question of fact to be determined by them, which was done. *In cases where that fact is not admitted or placed beyond doubt, it is not improper to submit such question under appropriate instructions to the jury to be determined by them.* Zollicoffer v. The State, 16 Texas Ct. App. 312; White v. The State, 30 Texas Ct. App. 653." (Italics ours).

In Sims v. State, 253 S. W. 278, Judge Lattimore held, in substance, that where the evidence showed that witness purchased a stolen shirt from the accused and his accomplice, and the most that could be gotten from the witness' testimony was that he suspected or had an idea that they had gotten the shirt from some place like stealing it, or where they ought not to, a refusal to instruct that witness was in law an accomplice and submitting that issue to the jury was not error.

We note, however, that although the Elizando case, supra, quotes Zollicoffer v. State, supra, we do not feel inclined to follow the latter case where the fact of accompliceship is either admitted or is free from doubt, but in such matters we think the controlling doctrine is set forth in the following cases: Smith v. State, 89 Tex. Cr. R. 145, 229 S. W. 523; Harrell v. State, 107 Tex. Cr. R. 8, 294 S. W. 597; Collier v. State, 108 Tex. Cr. R. 171, 300 S. W. 54; Durham v. State, 110 Tex. Cr R. 25, 7 S. W. (2d) 92; Largent v. State, 116 Tex. Cr. R. 286, 37 S. W. (2d) 652; Alexander v. State, 126 Tex. Cr. R. 625, 72 S. W. (2d) 1080.

In the Harrell case and the Alexander case above cited the law is sufficiently discussed as we understand it to be. Judge Morrow, in the Harrell case, said:

"It is not in every case necessarily reversible error to fail to instruct the jury that, as a matter of law, the witness is an accomplice. However, *when the evidence shows without controversy that the witness is an accomplice*, it is frequently reversible error to fail to so inform the jury."

Under the above cases quoted, we are of the opinion that the evidence relative to Mr. Bostick's knowledge of the stolen character of this stove was not so great as to be placed beyond doubt that he was aware of the stolen character thereof, and that the trial court was not in error in submitting the fact of his accompliceship to the jury.

The remaining bills are mainly concerned with the identification of the stove taken from the school house. We think the identity of such stove was established clearly enough by similarity out of the mouths of witnesses who said that the recovered stove was the stove lost out of the school house, regardless of its identification by means of the number thereon. We think, however, that the number taken from the records relative

to the purchase of the stove, and when compared by a minute examination of the scratched off numbers, and these numbers being identical, was also admissible under the facts here shown.

We have examined all bills of exceptions and do not think they reflect any error.

The judgment is therefore affirmed.

ON MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, asserts that we erred in holding that the trial court was correct in submitting to the jury for their determination the question of whether or not Bostick was an accomplice witness and in declining to instruct them that he was such a witness as a matter of law. Bostick was not a participant in the commission of the burglary of the school house and was not charged with said offense. Consequently he was not a principal in the offense and therefore was not an accomplice witness by reason thereof. This brings us to a consideration of the question as to whether or not he is an accomplice witness by reason of having purchased some of the property taken by appellant and his co-defendant in the burglary. His testimony touching this question is fully set out in our original opinion and need not be restated here. It is true that appellant testified that he felt suspicious when they brought the stove to his house in the dead hours of the night. However, he did not think the stove was stolen. He did not know it. He said that the stove, when new, was worth about $45.00, but it had been used; that it was a second-hand stove; that he paid $17.00 for it, which was a fair price; that after using it a day or two he discovered that it was not as good as his old stove and he sold it to Reed at the same price that he paid for it. It will be noted that he did not admit that he knew the stove had been stolen, nor was such fact proven beyond doubt. Therefore, it was proper for the court to submit the question to the jury to be determined by them. Appellant cites us to quite a number of cases which he contends supports his contention. A careful examination of them will .show that in some of the cases the witness participated in the commission of the offense which, of course, made him an accomplice witness. In other cases, it was either admitted by the wtiness that he knew the property was stolen or it was proven beyond

doubt. In such instances, it is proper for the court to charge that the witness is an accomplice as a matter of law.

Appellant next contends that we erred in holding the evidence sufficient to sustain his conviction. We have again reviewed the statement of facts but remain of the opinion that the evidence is sufficient upon which the jury could base their verdict.

Believing the case was properly disposed of on the original submission, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.