ARTHUR LEO SPEARS V. THE STATE.

No. 22978. Delivered December 6, 1944.
Rehearing Denied (Without Written Opinion) January 24, 1945.

The opinion states the case.

*W. R. Parker,* of Fort Worth, for appellant.

*Marvin H. Brown, Jr.,* Dist. Atty., and *M. Hendricks Brown,* Asst. Dist. Atty., both of Forth Worth, and *Ernest S. Goens,* State's Attorney, of Austin' for the State.

KRUEGER, Judge.

The offense is burglary. The punishment assessed is confinement in the state penitentiary for a term of two years.

Appellant challenges the sufficiency of the evidence to sustain his conviction.

Leroy Nealy, Jr., testified that on the night of January 14, 1944, he and appellant went to C. R. Payne's store located in Fort Worth, broke open a door, entered the building and took twenty-one cartons of cigarettes and some small change from the cash register; that they carried the cigarettes to the home of appellant in a large brown paper bag such as is commonly used in transporting sugar; that on the following day they sold the cigarettes to J. F. Turpin who owned a grocery store.

A city bus driver testified that on the night in question appellant and Nealy rode on his bus to C. R. Payne's store, where they got off at about 10:30 P. M.; that when he made his last trip that night, they both boarded his bus again near the store; that appellant carried a large brown sugar bag but he (witness) did not know what was in it.

The officers testified that three or four days after the burglary they recovered the twenty-one cartons of cigarettes at Turpin's store.

Turpin testified that he purchased twenty-one cartons of cigarettes from appellant at $1.25 per canton, which was about twenty-eight cents below the wholesale price, but he did not know that they were stolen; that if he had known it he would not have purchased them. On cross-examination by appellant's

attorney he was asked: "Did you not on a previous trial testify: 'I didn't know they were stolen; I sort of thought they were hot?' " to which he replied, "A person would think something like that." On re-direct examination he stated:

"In a way I thought they were not, and in another way I didn't. I didn't think they were hot because I wanted to recommend him for a truck driver to the Griffin Grocery Company."

We deem this evidence sufficient upon which the jury could reasonably base their conclusion of the appellant's guilt.

Appellant next contends that the trial court erred in submitting to the jury the issue of whether or not J. F. Turpin was an accomplice witness when he should have instructed them that, as a matter of law, he was such witness. The correctness of the court's action relative to the matter is to be determined by the evidence bearing on the question. We have read the statement of facts with great care and reached the conclusion that the court was eminently correct in submitting the issue to the jury.

The record shows that at the conclusion of the evidence and before the court submitted his charge to the jury, appellant requested that the following special charge be given, to-wit:

"If you find and believe from the evidence in this case that the witness, Joe F. Turpin, received the property alleged to have been stolen in this case, knowing it to have been stolen, or under circumstances which made him guilty of knowingly receiving stolen property, then he would be an accomplice witness, and if you so find, or have a reasonable doubt thereof, you cannot convict the defendant upon the testimony of the said Joe F. Turpin unless you further find that his evidence has been corroborated by other evidence tending to connect him with the commission of the offense."

The court, at the request of appellant, submitted this charge to the jury, notwithstanding he had incorporated one of like import in the main charge. However, after the court had read his charge to the jury but before the arguments had begun, appellant, then for the first time, objected to the court's charge on the ground that it failed to instruct the jury that Joe F. Turpin was an accomplice witness as a matter of law. The objection came too late. See Art. 658, C. C. P. However, under the facts of this case, we do not believe that had he presented his

objection at the proper time, the court would have been justified in giving such instruction. That Turpin had purchased stolen property is shown beyond any doubt, but whether he knew at the time of its reception that it was stolen, or whether, from all the facts and circumstances surrounding the transaction, a reasonably prudent person should have known that it was stolen property, was an issue of fact which the court, under the settled rules of this state, was required to submit to the jury for their determination by an appropriate instruction. The question, as here presented, was discussed by this court in the recent case of Phillips v. State, 144 Tex. Cr. R. 566, where many cases are cited.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.