GENE WYNN V. STATE.

No. 24507. November 23, 1949.
Rehearing Denied January 4, 1950.
Request for Leave to File Second Motion for Rehearing and Recalling
Mandate Is Denied (Without Written Opinion) January 18, 1950.

*M. D. Emerson,* of Paris, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was charged with cattle theft and by the jury assessed a penalty of four years in the state penitentiary.

There are nine bills of exception, all of which are based upon the alleged failure of the proof in that it is claimed that the two state's witnesses, Rosson and Preston, were accomplices as a matter of law and that the trial court should have so instructed the jury.

We find that the cattle alleged to have been stolen were purchased by these two witnesses (Rosson and Preston)) for the price of $450.00 for ten head; that soon thereafter they were sold by them in Arkansas for $990 00, which was more than double the price paid therefor. It is insisted by appellant's attorney that this large profit, taken with other circumstances, was such strong proof as to become conclusive that Rosson and Preston knew that such cattle were stolen property; that therefore they were accomplices as a matter of law and that the trial court erred in not thus instructing the jury. It should be borne in mind that the trial court submitted to the jury the matter of determining whether or not such witnesses were accomplices, which is again urged as error. We are cited to many cases offered in support of such position, and our attention is especially called to the case of Cummings v. State, 140 Tex. Cr. R. 249, 144 S. W. (2d) 566. In that case, the witness, Rowlett, who lived in Austin, testified that he bought some cigarettes for about half price and some nickels; that he was offered some silverware from the Moss Rose Cafe, which was the burglarized property in Temple, and that he was asked by the accused to dispose of those nickels for him. The witness testified: "I guess I did think those nickels were hot." We have no such showing in the present case. While the inadequacy of the purchase price oftentimes has great weight in a prosecution for knowingly receiving and concealing stolen property, and sometimes may have great influence in determining guilty knowledge, yet we are aware of no holding that such would be conclusive relative to such knowledge. Therefore we do not hold that such inadequacy would result in a determination that such purchaser was an accomplice as a matter of law. Instead,

we think that the careful trial judge was correct in his submission to the jury for their decision relative to such accompliceship. If the profit motive were used as conclusive herein, we would find ourselves in an attempt to limit the amount of such before the urge of all purchasers or traders for profits that would transcend the bounds of legitimacy. It is not always error to submit the question to a jury though the witness be an accomplice. See Zollicoffer v. State, 16 Tex. App. 312; Hankins v. State, 47 S. W. 992; Moore v. State, 47 Tex. Cr. R. 410, 83 S. W. 1117; Pace v. State, 58 Tex. Cr. R. 90, 124 S. W. 949; Pace v. State, 69 Tex. Cr. R. 27, 153 S. W. 132; Creech v. State, 70 Tex. Cr. R. 229, 158 S. W. 277; Hyde v. State, 73 Tex. Cr. R. 452, 165 S. W. 195.

We next come to the appellant's claim that he was entitled to an instructed verdict of not guilty. The proof seems to be positive that the cattle mentioned in the indictment were stolen cattle. It is then shown that a witness saw appellant and one of the witnesses (Rosson) together at a domino hall about 10:30 o'clock on the night alleged as the time the cattle were stolen. Another witness testified that appellant and Raymond Glenn attempted to borrow a truck from him on that night and wanted to know if such truck would hold twelve cattle.

The testimony of Rosson and Preston shows that on the night in question, they had sold some cattle to a commission house and received a check therefor; that about 10:30 at night they were at a domino parlor near a wagon yard; that appellant and Raymond Glenn came to where they were and wanted to borrow a truck, saying that they had some cattle out in the country which they wanted to haul. There was a truck there but it was broken. They were offered a trailer which they attached to a certain 1936 model Chevrolet car and drove away. They soon returned with some cattle which were placed in a pen. They again drove away and returned with more cattle. Desiring to sell the same, Rosson and Preston finally bought the cattle for $450.00, paying therefor with a check for $437.50 received from the commission house that day, and $12.50 cash, the check being payable to Rosson & Preston and bearing such endorsement on the back thereof, as well as the endorsement of the appellant. Appellant endeavored to explain this endorsement of his name through the testimony of his father and brother, which explanation the jury evidently did not accept, but utilized this check as corroboration of the fact that appellant received payment for such cattle, whether adequate or not.

Many of the bills of exception relate to certain witnesses'

identification of the stolen cattle. There was no question raised relative to the ownership of the cattle and their being missed from their pasture and afterwards found in Arkansas. We see no error in showing that these cattle belonged to Mr. Whitney who, as well as others, identified them as his missing cattle.

The state's theory herein was that appellant and his brother and another were acting together in this enterprise, and that anything done by one of the conspirators in the futherance of their common design and purpose was admissible against either or all of them. See Harris v. State, 31 Tex. Cr. R. 411, 20 S. W. 916; Stevens v. State, 42 Tex. Cr. R. 154, 59 S. W. 545; Casner v. State, 42 Tex. Cr. R. 118, 57 S. W. 821; Hudson v. State, 43 Tex. Cr. R. 420, 66 S. W. 668; Nelson v. State, 43 Tex. Cr. R. 553, 67 S. W. 320; Baker v. State, 45 Tex. Cr. R. 392, 77 S. W. 618; Chapman v. State, 45 Tex. Cr. R. 479, 76 S. W. 477; Smith v. State, 46 Tex. Cr. R. 267, 81 S. W. 936; Banks v. State, 52 Tex. Cr. R. 480, 108 S. W. 693; Hunter v. State, 54 Tex. Cr. R. 224, 114 S. W. 124; Milo v. State, 59 Tex. Cr. R. 196, 127 S. W. 1025; Wilson v. State, 69 Tex. Cr. R. 432, 154 S. W. 1015. See also O'Neal v. State, 14 Tex. App. 582; Eggleston v. State, 59 Tex. Cr. R. 542; 128 S. W. 1105; Dowling v. State, 65, Tex. Cr. R. 501, 145 S. W. 606; Nunez v. State, 70 Tex. Cr. R. 481, 156 S. W. 933; Serrato v. State, 74 Tex. Cr. R. 413, 171 S. W. 1133.

We think the court was correct in the submission of the question of accompliceship to the jury; and we also express the opinion that there is further testimony in the record tending to connect appellant with the commission of this offense.

Believing that the testimony is sufficient under the law, and no error appearing in the record, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

In his motion for rehearing appellant insists that because the two witnesses, Rosson and Preston, purchased the cattle involved for about half of their value and immediately transferred these cattle to Texarkana, where they were sold, that the said Rosson and Preston are parties to the crime and, being accomplice witnesses, the conviction cannot stand in the absence of testimony corroborating theirs. It is his position that these parties were accomplices as a matter of law and his argument is based on that theory.

It is very clear that appellant misunderstands the decisions of this court on the subject. The evidence in the instant case would do no more than furnish a circumstance, which may be taken in connection with all other facts and circumstances to support a conviction. It was, then, a question of fact for the jury to determine whether or not they were accomplice witnesses. The question was properly submitted by the court to the jury. We cannot subscribe to the theory for which he contends.

We have reviewed the other matters raised and the complaint that the original opinion misunderstands certain of the testimony is trivial. The opinion would have been just as forceful without such evidence in the record.

We think the case was properly disposed of in the original opinion and the motion for rehearing is overruled.