## Arthur Stiles v. The State.

### No. 6362.   Decided June 22, 1921.

**1.—Theft of Cattle—Venue.**

Where, upon trial of theft of cattle, there was evidence that the animal in question was fraudulently taken in the County of the prosecution, there was no error in refusing a requested charge to peremptorily instruct the jury to return a verdict of not guilty on the ground that the venue was not proven.

**2.—Same—Evidence—State's Witness—Credibility of Witness.**

Where, upon trial of theft of cattle, defendant claimed that he bought the animal in question from the State's witness, who had turned State's evidence, and who denied the sale to the defendant, and any guilty connection with the animal, the defendant should have been allowed to show that said State's witness was endeavoring to manufacture testimony with reference to the said animal, and refusal to permit him to do so was reversible error.

**3.—Same—Requested Charge—Receiving Stolen Property—Theft.**

Where, upon trial of theft of cattle, the defense testimony raised the issue of receiving stolen property, the court should have submitted a requested charge that theft and receiving stolen property were separate and distinct offenses, and that a party could not be tried for one and convicted of the other.

**4.—Same—Charge of Court—Weight of Evidence.**

A requested charge that possession alone of recently stolen property is not sufficient to warrant a conviction was correctly refused, as upon the weight of the testimony.

**5.—Same—Accomplice—Charge of Court.**

Where, upon trial of theft of cattle, the evidence raised the issue of accomplice's testimony, a refusal of the requested charge thereon was reversible error.

**6.—Same—Venue—Charge of Court.**

Where the question of venue was raised, the court should have submitted an appropriate charge on this phase of the case, and refusal to do so was reversible error.

Appeal from the District Court of Mason.   Tried below before the Honorable J. H. McLean.

Appeal from a conviction of theft of cattle; penalty, two years' imprisonment in the penitentiary.

The opinion states the case.

*Joe A. Adkins,* and *Evans J. Adkins,* for appellant.—On question of venue: Arrington v. State, 62 Texas Crim. Rep., 357; Miles v. State, 23 Texas Crim. App., 413.

On question of accomplice testimony: Davis v. State, 222 S. W. Rep., 236. Standfield v. State, 208 id., 536.

*R. H. Hamilton,* Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant was convicted for the theft of cattle, and his punishment assessed at two years' confinement in the penitentiary.

About the 18th of ,March, 1920, J. J. Ellison, who lived in Mason County, missed from his pasture four head of yearlings. The appellant, Stiles, lived in McCulloch County, about eight miles from Ellison's pasture. The owner found all of the yearlings in question; the particular one which appellant is charged with having stolen he found in the possession of Cal Willis in McCulloch County, about a month after it was missed. Willis had bought the yearling from appellant, who in turn claims to have bought it from Alvin Holt. It is not necessary to set out in detail the testimony in the case, as it is not required in considering the questions raised.

Appellant requested the court to charge the jury peremptory to return a verdict for him, because the evidence failed to show that appellant ever took any cattle from the owner in Mason County. It is true there was no direct evidence of the "taking" by Stiles or any one else from the owner's pasture in Mason County. All the direct testimony had reference to the handling of the alleged stolen animal by Stiles in McCullouch County; but there was evidence from which the jury might have reached the conclusion that the animal in question was fraudulently taken from the owner's possession in Mason County, and that the subsequ*ent* handling of it in McCulloch County was only for the purpose of realizing financially on the transaction. No error was committed by the court in declining to give the requested charge.

Appellant admitted having sold the Ellison yearling to Cal Willis. His defense was that he bought it from Alvin Holt, and had nothing to do with the original taking, if it was stolen. Holt was shown to also be under indictment for the theft of the same animal, and the State used Holt as a witness, having promised him immunity. He denied having sold a yearling to Stiles, or that he ever at any time helped him drive a yearling from Spiller's pasture to Cal Willis' place. After having shown that Holt had lived with Alex Arledge a considerable part of the time during the last four or five years, he, (Holt), was asked on cross-examination if he had not gone to Mrs. Arledge inquiring as to the whereabouts of her husband, and tell her he wanted to see Alex (Arledge), and wanted him to testify that he had been pasturing a yearling for him, (Holt). The witness denied this. Appellant then offered to prove by Mrs. Arledge that during the latter part of March

or first of April, 1920, Holt had come to her house inquiring for her husband, and told her "he was very anxious to see him; that he was about to get into trouble about a yearling that he had sold, and that he wanted Mr. Arledge to help him out by stating that the yearling had been in Arledge's pasture for several months." Upon objection the court excluded said testimony, on the ground that it was an attempt to impeach a witness on a collateral and immaterial issue. This evidence should have been admitted.

Appellant was claiming he bought the animal from Holt, leaving the inference that Holt was alone the guilty party. Holt, on the other hand, used as a witness by the State, was denying the sale to appellant, and any guilty connection with the animal. Appellant was offering to show that about the time of the alleged sale to him, Holt was endeavoring to manufacture testimony presumably with reference to this same animal. If the State had been prosecuting Holt the statement he is claimed to have made to Mrs. Arledge would have been not only admissible against him, but would have been most potential as tending to establish his guilt. We can see no sound logic in denying to appellant this testimony as affecting Holt's status before the jury.

Appellant requested the court to charge the jury in substance that theft, and receiving stolen property were separate offenses and that a party could not be tried for one and convicted of the other; and that if someone else took the alleged stolen animal, appellant could not be convicted of theft, even though he received it knowing it to have been stolen. The facts as developed in the case made the requested charge pertinent, and same should have been given. The indictment only charged theft. The jury might have concluded that Holt, or some other person stole the animal originally, but that appellant had some subsequent guilty connection with it; hence the necessity for the charge.

Special charge No. 4, requested by appellant, to the effect that possession alone of recently stolen property was not sufficient to warrant a conviction, was upon the weight of the testimony, and was properly refused.

Appellant excepted to the court's charge for failure to charge on accomplice testimony as to the witness Holt, and presented a special charge upon that subject. Holt's own admission while on the witness stand, that he was under indictment for theft of the same animal involved in the instant prosecution made him an accomplice as a matter of law. When the omission of a charge on that issue was pointed out to the court it should have been supplied. The special charge requested was not, however, correctly drawn.

The indictment charged the theft to have been committed in Mason County. All the direct evidence connected appellant with the animal in McCulloch County. The State was compelled to rely on circumstantial evidence to make out a case of "taking" in Mason County. The question of venue was raised, and should in some appropriate way have been submitted to the jury. Of course, if the animal in question

strayed into McCulloch County, and was stolen there, whoever may have stolen it would not be guilty of theft in some other county.

For the errors pointed out, the judgment of the trial court must be reversed, and the cause remanded.

*Reversed and remanded.*