### CRISSMAN. v. STATE.  (No. 6780.)

(Court of Criminal Appeals of Texas.  Nov. 29, 1922.)

**1. Criminal law ⬤⟶507(6)—Person submitting to abortion not an accomplice.**

A woman who voluntarily submits to an abortion, or advises, encourages or procures it to be done, is not ·an accomplice, in view of Vernon's Ann. Pen. Code 1916, arts. 74–85.

**2. Criminal law ⬤⟶507(6), 780(1) — Person submitting to abortion an "accomplice," where indicted for same offense.**

A woman who voluntarily submitted to an abortion, or advised, encouraged, or procured it to be done, became an "accomplice," within the meaning of Vernon's Ann. Code Cr. Proc. 1916, art. 791, and Vernon's Ann. Pen. Code 1916, art. 91, and Vernon's Ann. Code Cr. Proc. 1916, art. 727, where she was indicted for such offense, and the court erred in refusing to instruct that her testimony must be corroborated; the indictment never having been dismissed under Vernon's Ann. Code Cr. Proc. 1916, arts. 37, 729.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Accomplice.]

Appeal from District Court, Fannin County; Ben H. Denton, Judge.

T. L. Crissman was convicted of abortion, and appeals.  Reversed and remanded.

Rogers & Neilson and Wheeler & Leslie, all of Bonham, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J.  The offense is abortion; punishment fixed at confinement in the penitentiary for a period of five years.

[1] The state relied upon the testimony of Eunice Nicol, the woman upon whom the abortion was performed.  She testified to facts which were sufficient to support the conviction.  She was under indictment for the same offense, and as an accomplice to the same offense.  The appellant, upon the trial, took the position that it was his right to have the jury instructed that to support a conviction, her testimony would require corroboration.  If she was connected with the offense in a criminal sense, that is, if she was either a principal, accomplice or accessory, such a charge is necessary.  O'Connor v. State, 28 Tex. App. 288, 13 S. W. 14; Branch's Ann. Tex. P. C. § 702.  The statute demands such a charge.  Article 801, Code of Crim. Proc.  The refusal to give such an instruction to the jury is supported by the state on the proposition that the law is such that a woman who voluntarily submits to an abortion, or advises, encourages or procures it to be done, is not a principal offender nor accomplice.  This seems to be the general rule, both in this state and in other states.  Corpus Juris, vol. 1, p. 315, §§ 17 to 19, inclu-

sive; Miller v. State, 37 Tex. Cr. R. 575, 40 S. W. 313; Branch's Ann. Tex. P. C. § 1821, and cases listed.  It cannot be doubted that this rule is difficult to harmonize with ·the statute defining a principal, accomplice, and accessory.  See Vernon's Tex. Crim. Stat. vol. 1, cc. 1, 2, tit. 3.  However, in the light of these statutes, the court has held in the cases mentioned that to such a state of facts the rule of accomplice testimony does not apply.  Other statutes, however, bear upon the present question.  In article 791, Code Crim. Proc., it is said:

"Persons charged as principals, accomplices or accessories, whether in the same indictment or different indictments, cannot be introduced as witnesses for one another, but they may claim a severance; and, if any one or more be acquitted, or the prosecution against them be dismissed, they may testify in behalf of the others."

[2] To the same effect is article 91 of the Penal Code; also article 727 of the Code of Criminal Procedure.  The expressed opinion of this court has heretofore been that one indicted for the same offense as the person on trial was treated as·an accomplice witness as a matter of law.  See Stiles v. State, 89 Tex. Cr. R. 603, 232 S. W. 805; Jones v. State, 85 Tex. Cr. R. 551, 214 S. W. 322.  In the instant case, the state, through an indictment, brought the witness Eunice Nicol directly within the purview of ·the statutes mentioned, notably article 791, supra.  By virtue of that statute, she became an accomplice witness.  It was within the power of the state, through its prosecuting attorney, with the consent of the judge, to dismiss the prosecution and thereby relieve the witness from the legal impediment to her credibility.  Article 729 and article 37 of the Code of Criminal Procedure; Jones v. State, 85 Tex. Cr. R. 550, 214 S. W. 322.  In the instant case, the state elected to refrain from dismissing the indictment against the witness mentioned, and insists upon this appeal that the evidence developed upon the trial shows that, in fact, she was not an accomplice.  We regard ·this position untenable.  Being a joint indictee or indicted for the same offense for which the appellant was charged, she is to be regarded, as a matter of law, as an accomplice witness, and her testimony is to be measured by the rules governing accomplice testimony, if the state uses her as a witness while the indictment is pending.  In such circumstances, we think, it is not competent for the state to keep the indictment in force and call upon the court to determine that under the facts the witness was not an accomplice, when by the statute she is declared to be one.  This conclusion we conceive is not out of harmony with Roberts v. State, 44 Tex. 119, but that case and the present ruling we regard in harmony with Jones v. State, supra, and Barrara v. State, 42 Tex.

---

260. In the Roberts Case, there was a dismissal as to the joint indictee. The state used him as a witness after the dismissal. The appellant rightly demanded a charge on accomplice testimony that the jury might determine from the facts developed on the trial whether his connection with the transaction was such as characterized him as an accomplice witness. If, in the instant case, the state had seen fit to dismiss the indictment against the witness Nicol, it would have been within its rights to contend that she was not an accomplice witness by virtue of the indictment which had been dismissed, and that the facts developed would not classify her as such. Having proceeded to the conclusion of the trial with the indictment pending against her, we cannot sanction the state's contention on appeal that the trial court properly refused to treat her as an accomplice witness.

Because of this error, the judgment is reversed, and the cause remanded.