## BIS HARLAN v. THE STATE.

### No. 8105.  Decided May 14, 1924.

**1.—Possession of Intoxicating Liquor—Co-Defendant.**

Where the court received testimony in behalf of the State of the declarations of the co-defendant made in the absence of the defendant, and it appeared that they were jointly indicted, and the defendant had taken his severance but that the co-defendant voluntarily made the statements, the same were admissible in evidence.  Following:  Hays v. State, 90 Texas Crim. Rep., 193, and other cases.

**2.—Same—Co-Indictee, Declarations of—Conspiracy.**

Where the State relied in the main upon the testimony of the co-indictee of the defendant to prove that he and the defendant were co-conspirators, and the reputation of said co-indictee for truth and veracity was impeached, the court should have instructed the jury as requested to eliminate from their consideration the evidence of the declaration of the co-indictee made in the absence of the defendant if they had a reasonable doubt of the conspiracy.

Appeal from the District Court of Navarro.  Tried below before the Honorable Hawkins Scarborough.

Appeal from a conviction of unlawfully possessing intoxicating liquor for the purpose of sale; penalty, one year imprisonment in the penitentiary.

*Gibson & Lovett,* for appellant.

*Tom Garrard,* Attorney for the State and *Grover C. Morris,* Assistant Attorney for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor for the purpose of sale; punishment fixed at confinement in the penitentiary for one year.  There were a number of counts in the indictment.

The State's testimony, in the main, comes from a witness named Kid Lucas, who testified, in substance, that by a previous arrangement with the appellant, he aided him in selling a half pint of liquor to one Davis.  The transaction, as described by Lucas, is, in substance, this:  He saw the appellant at a certain restaurant, and appellant said to him:  "Well, if you see anybody (who) wants anything, why send them to me."  Lucas afterwards met Davis, who offered him fifty cents for a drink of whisky.  Lucas told him that it would be hard to get that quantity, but that he might get a half pint for

$1.50. Davis gave Lucas $1.50 and with it he bought a half pint of whisky from the appellant which he delivered to Davis.

The court received in evidence, on behalf of the State, proof of the declarations of Lucas made in the absence of the appellant. Of these declarations Lucas and other witnesses gave testimony, the subject matter of which was that the appellant and Lucas acted together in selling a half pint of whisky to Davis and in negotiating with reference to the sale of it to Harris. The court properly overruled the objection to the admission of this testimony. As said by the court in his qualification, the witness Lucas had testified to facts connecting himself and the appellant with the offense of possessing for the purpose of sale a half pint of whisky and of selling the same. The court, in his qualification, says:

"The defendant and witness, Kid Lucas, were jointly indicted. The defendant took a severance. The witness, Kid Lucas, voluntarily testified."

The declarations of Lucas which have been mentioned were admissible against the appellant. Many of the decisions of this court supporting this view will be found collated by Mr. Branch in his Ann. P. C., p. 353. The subject is discussed to some extent in Hays v. State, 90 Texas Crim. Rep., 193, and Middleton v. State, 86 Texas Crim. Rep., 318.

The State relied, in the main, upon the testimony of the witness Lucas to prove that he and the appellant were co-conspirators. The reputation of Lucas for truth and veracity was impeached. He was a co-indictee of the appellant, and according to his testimony, he was a co-actor in the commission of the offense charged. The learned trial judge, in our judgment, fell into error in refusing to instruct the jury as requested by the appellant to eliminate from their consideration the evidence of the declarations of Lucas in the absence of the appellant if they had a reasonable doubt of the existence of the conspiracy. On the subject, we quote from Branch's Ann. Tex. P. C., page 356.

"It is error to fail to charge the jury that if they have a reasonable doubt as to the establishment of a conspiracy to which the defendant on trial was a party they would reject all of the testimony as to the individual acts or declarations done or made in the absence of the defendant by the others claimed to be conspirators."

"It is error to fail to charge the jury that they could not consider the acts and declarations of persons claimed to be co-conspirators of defendant for the purpose of proving a conspiracy, but that they must believe from the evidence beyond a reasonable doubt that a conspiracy was formed before they could consider such acts and declarations for any purpose."

According to the State's theory and testimony, if appellant possessed the half pint of whisky which was sold to Davis, Lucas was a

co-principals with him not only in the possession but in the sale, and was a principal actor in making the sale. Lucas testified for the State. Ordinarily, he being a joint indictee of the offense for which the accused was on trial, would be regarded as an accomplice. Barrara v. State, 42 Texas Crim. Rep., 260; Crissman v. State, 245 S. W. Rep., 438. Whether under Sec. 2c, Acts of Thirty-seventh Legislature, 2nd Called Sess., Lucas would come under this general rule, we do not decide. His connection with the present transaction, as revealed by the evidence, was such as characterized him as an accomplice witness. See Dawson v. State, No. 8413, recently decided.

For the reason pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*