### ROBERT COLLIER V. THE STATE.

No. 11190.　Delivered November 23, 1927.

**1.—Theft—Accomplice Testimony—When a Question of Law—Rule Stated.**

Where two witnesses, introduced by the state, were under indictment charged with the same offense it was reversible error to submit the issue of whether or not such witnesses were accomplices in the court's charge.

**2.—Same—Continued.**

Under Art. 711, C. C. P., such witnesses are declared to be accomplices, as a matter of law, and the court should have so instructed the jury, and his failure to do so was error. See Grissman v. State, 93 Tex. Crim. Rep. 15, and other cases cited.

**3.—Same—Committed Through Innocent Agent—Rule Stated.**

"If a defendant procure a person innocent of any fraudulent intent to take property for him, it is a taking through an innocent agent and a taking by the defendant."

**4.—Same—Continued.**

If, however, the agent acts with an unlawful and fraudulent intent he is guilty as a principal, and if in such case appellant was not present, nor doing anything in furtherance of the criminal act of such agent, he would be an accomplice only, and under such facts could not be convicted as a principal. See Branch's P. C., Sec. 724.

Appeal from the District Court of Eastland County. Tried below before the Hon. Elzo Bean, Judge.

Appeal from a conviction for theft, penalty two years in the penitentiary.

The opinion states the case.

*Chastain & Judkins,* for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MARTIN, JUDGE.—Offense theft of oil well pipe of over the value of fifty dollars, punishment two years' confinement in the penitentiary.

The testimony for the state shows that appellant employed one Red Phelan to haul oil well pipe from a point south of Cisco, in Eastland County, to Breckenridge, where it was subsequently taken to Albany, in Shackelford County. Phelan in turn procured the services of E. E. Bryant to assist him in the hauling. Two truck loads were brought away and delivered at Albany. Appellant, Phelan and Bryant were all indicted for the taking of this pipe and Bryant and Phelan were under such indictments when they testified in the trial of this case against appellant.

The court in his charge submitted the question of whether or not said Phelan and Bryant were accomplices as an issue to be found by the jury. Proper exceptions were reserved to this part of the court's charge, the appellant contending that they were each accomplices as a matter of law and that same was not an issue for the jury, but that the court should have charged directly that they were in law accomplices.

Art. 711, C. C. P., provides in substance that persons charged as principals, accomplices or accessories, whether in the same or in different indictments, cannot be introduced as witnesses for one another. The appellant would have therefore been precluded from using either of said parties as a witness in his behalf by virtue of said article last quoted. The state having cut off this right from appellant by reason of said indictments, could not thereafter use the said witnesses against appellant, and have submitted as an issue in the trial their guilty connec-

tion with the crime charged while said indictments were still pending against them. They were accomplices as a matter of law, and the court should have in this case so instructed the jury and his failure to do so was reversible error. Grissman v. State, 93 Tex. Crim. Rep. 15; Lowe v. State, 98 Tex. Crim. Rep. 501, and authorities there cited.

The court instructed the jury at the request of the state, in substance, that one using an innocent agent to consummate the offense of theft was a principal "whether or not the agent at the time of taking did or not know of the fraudulent intent, if any, upon the part of the person so employing said agent." The quoted part of said charge is not the law of this state. Obviously, a party could not be an innocent agent and at the same time know that he was being employed to commit a theft. Mr. Branch states the law as follows:

"If defendant fraudulently procured a person *innocent of any fraudulent intent* to take the property for him, it is a taking through an innocent agent and a taking by the defendant." Branch's Penal Code, Sec. 2428. See also Sikes v. State, 28 S. W. 688; Lane v. State, 41 Tex. Crim. Rep. 558; Houston v. State, 98 Tex. Crim. Rep. 280.

The above charge was given undoubtedly upon the state's theory that appellant had employed Phelan and Bryant as his innocent agents to consummate the theft. If Bryant and Phelan acted for appellant, knowing his fraudulent and unlawful intent, they were guilty as principals, and if in such case appellant was not present nor doing anything in furtherance or aid of the criminal act of the said parties, when committed, he would be an accomplice only and under such facts could not be convicted on this indictment which charges him only as a principal. Branch's Penal Code, Sec. 724. It is apparent, however, that he might have been convicted even if he were only an accomplice under the terms of said quoted charge.

For the errors above discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.