■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH NAPOLI, Appellant.—Appeal by the defendant from a

judgment of the Supreme Court, Queens County (Linakis, J.), rendered June 14, 1984, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The evidence adduced at trial established that after the police stopped a car which was owned and driven by Michael Maffatore and in which the defendant was a passenger, they found a loaded and operable gun and a holster under the front passenger seat. Thereafter, the defendant and Maffatore were both indicted for criminal possession of a weapon in the third degree in connection with the finding of the gun. The charges against Maffatore were subsequently dismissed upon motion by the District Attorney in return for his promise to testify against the defendant. At trial, Maffatore testified that the gun was the defendant's, and that while he (Maffatore) was driving, he saw the defendant take out the gun and holster from under his jacket and throw it under his seat.

On appeal, the defendant contends that the trial court committed reversible error when it denied his request that the jury be charged that Maffatore was an accomplice as a matter of law whose testimony required corroboration, and instead charged the jury that whether or not Maffatore was an accomplice was a question of fact for it to decide. We reject the defendant's claim, and note that in view of the fact that Maffatore was linked to the gun only by the presumption found in Penal Law § 265.15, Maffatore's self-exculpatory testimony gave rise to an issue of fact as to Maffatore's status as an accomplice which was properly left for the jury to determine *(see, People v Cobos,* 57 NY2d 798; *People v Basch,* 36 NY2d 154; *People v Asch,* 107 AD2d 941; *People v Muccia,* 101 AD2d 930; *People v Santoro,* 68 AD2d 939). The fact that Maffatore was indicted along with the defendant does not mandate that he be considered an accomplice as a matter of law. *People v Cohen* (73 AD2d 603) is not to the contrary since the record in that case indicates that the witness who was indicted with the defendant pleaded guilty to the crime.

We note that the trial court in its *Sandoval* ruling should have reduced the number of convictions into which inquiry could be made *(see, People v Sandoval,* 34 NY2d 371; *People v Coe,,* 95 AD2d 685; *People v Hicks,* 88 AD2d 519; *People v Daniels,* 77 AD2d 745), and that the prosecutor improperly went beyond the four corners of the evidence in referring to the defendant's robbery record during the course of summation. However, in view of the strong evidence of the defen-

dant's guilt the errors were harmless, and, accordingly, we decline to reverse his judgment of conviction.

We have considered the defendant's remaining claims, including those raised in his supplemental *pro se* brief, and we find that they are without merit. Niehoff, J. P., Rubin, Eiber and Kunzeman, JJ., concur.