**Michael Lynn SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 042–95.

Court of Criminal Appeals of Texas, En Banc.

March 15, 1995.

Tom Zakes, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., and Scott A. Dufree and Denise Nassar, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Jeffrey B. VanHorn, Asst., State's Atty., Austin, for the State.

MANSFIELD, Judge, dissenting to refusal of State's Petition for Discretionary Review.

Appellant, Michael Lynn Smith, and Richard Allen were indicted for the murder of appellant's girlfriend, Tammie Joe Love. The murder occurred early on September 25, 1992 in a water-filled sand pit located near Katy. Appellant shot the victim several times with a .22 calibre rifle, and eight bullets, all of that calibre, were recovered from her body. Allen fired rounds from a .380 calibre pistol into the water.

Allen pled guilty to attempted murder and agreed to testify against appellant. Allen testified that he aimed his pistol away from the victim when he fired. In its charge to the jury during the guilt/innocence phase, the trial court instructed the jury that they could find Allen was an accomplice as a matter of fact, but did not require them to do so. The jury convicted appellant of murder and sentenced him to life in the Texas Department of Corrections—Institutional Division.

The Texarkana Court of Appeals, in an unpublished decision, reversed the conviction and remanded the cause for a new trial. *Smith v. State*, No. 06-93-00109-CR (Tex. App.—Texarkana 1994). The court held the trial court erred by failing to instruct the jury that, because he had been indicted for the same offense as appellant, Allen was an accomplice as a matter of law.

## I. Origin of the Accomplice–Witness Rule With Respect to Co-Indictees

An accomplice witness is an individual who has participated with the accused before, during or after the commission of a crime. *Russell v. State*, 598 S.W.2d 238 (Tex.Cr.App. 1980). If the evidence clearly shows that a witness is an accomplice as a matter of law, a failure to so instruct the jury may be reversible error. *Solis v. State*, 792 S.W.2d 95 (Tex.Cr.App.1990). While there is no statute providing that a witness who is indicted for the same offense as the accused is an accomplice witness as a matter of law, case law has developed to this effect over the years. In my opinion, a reexamination of this matter is in order.

The accomplice-witness rule's origin with respect to a witness indicted for the same offense as the accused can be found in *Barrara v. State*, 42 Tex. 260 (1875). In that case, Barrara was tried for murder. The only witness who could implicate Barrara was Lerma, who had been indicted for the same murder. Lerma agreed to testify against Barrara only if the indictment against him was dismissed. It was, and Lerma testified. The Supreme Court held that the jury should have been charged that Lerma was an accomplice as a matter of law because he agreed to testify *only on condition that the charges against him be dismissed.* The Court made it clear that it was not merely Lerma's status as an indictee for the same crime as Barrara that made him an accomplice witness as a matter of law. The instruction to the jury was required because Lerma testified only on condition that the charges against him with respect to the same crime for which Barrara was on trial were dropped.

In *Williams v. State*, 42 Tex. 392 (1875), a State witness was jointly indicted with Williams. The indictment against the witness was dropped, and there was no evidence that this was done pursuant to any negotiations between the witness and the State. The witness denied any involvement in the offense. The Supreme Court found that the instruction to the jury by the trial court, which did not require the jury to find the witness to be an accomplice as a matter of law, was acceptable.

Between 1875 and 1920, this Court ruled several times that the question of a witness' status as an accomplice was an issue to be submitted to and decided by the jury. See *Jones v. State*, 59 Tex.Crim. 559, 129 S.W. 1118 (1910); *Standfield v. State*, 84 Tex. Crim. 437, 208 S.W. 532 (1919). However, this Court ruled in *Stiles v. State*, 89 Tex. Crim. 603, 232 S.W. 805 (1921), that a witness who is indicted for the same offense as the accused, but is promised immunity if he testifies against the accused, is an accomplice witness as a matter of law. This is consistent with *Barrara* and is based on a similar set of circumstances (i.e., dismissal of the

charges versus immunity in exchange for testimony).

Reversing itself, this Court ruled a few years later that a witness who has been indicted for the same offense as the accused is an accomplice witness as a matter of law. Furthermore, failure to charge the jury accordingly is reversible error. *Newton v. State,* 94 Tex.Crim. 288, 250 S.W. 1036 (1923); *Low v. State,* 267 S.W.2d 270 (Tex. Cr.App.1924); *Collier v. State,* 108 Tex.Crim. 171, 300 S.W. 54 (1927). It is important to note that a statute which is no longer in effect, Art. 711, Code of Criminal Procedure (1925), did not allow persons charged as principals, parties or accessories to testify as witnesses for one another. The Court in *Collier* concluded that since Article 711 prevented an accused from having those parties testify on his behalf, the State should be able to use them as witnesses against the accused *only* if the jury was instructed that they are accomplices as a matter of law.

Since then this Court has held consistently that merely being indicted for the same offense as the accused means the witness is an accomplice as a matter of law. The Court did hold in *Garza v. State,* 296 S.W.2d 267 (Tex.Cr.App.1956), that the issue was properly submitted as a question of fact to the jury in a case where the indictment against the witness was dismissed the morning of the accused's trial. There was no evidence presented in *Garza* that the indictment was dismissed in exchange for the witness' agreement to testify or as part of any deal.

## II. The Accomplice Witness Rule, As Currently Interpreted, Infringes on the Jury's Role as the Finder of Fact

As described above, the cases holding that a witness indicted for the same offense as the accused is an accomplice witness as a matter of law have not been examined in many years. While passage of time in and of itself is not a reason to discard precedent, a close examination of those cases shows serious contradictions and reliance on a statute that no longer exists.

Texas Code of Criminal Procedure Art. 38.04 provides that the jury is the *exclusive* judge of the facts proved, and of the weight to be given to the testimony presented. The modern trend has been to allow the jury to decide contested issues of fact and to remove obstacles to same. See *Geesa v. State,* 820 S.W.2d 154 (Tex.Cr.App.1991); *Hankins v. State,* 646 S.W.2d 191 (Tex.Cr.App.1981); Acts 1983, 68th Leg., p. 2090, Ch. 382 (repealing corroboration requirement as to testimony of sexual abuse victims under age 14).

Certainly, the fact that a witness has been indicted for the same offense should be considered as a factor which tends to prove he is an accomplice witness. Additional evidence may surface during the trial that, taken together with the indictment, may require that the jury be charged that he is an accomplice witness as a matter of law. On the other hand, evidence may be presented tending to show that the witness had little, if any, complicity in the offense.

## III. The Law in Other Jurisdictions

It appears that Texas stands alone in holding that a witness indicted for the same offense as the accused is an accomplice as a matter of law, *regardless* of other evidence (or lack of same) linking the witness to the offense.

The Court of Appeals of Kentucky has held that the fact that a witness has been indicted for the same offense as the defendant does not make him an accomplice as a matter of law; it is a question of fact for the jury to determine. *Smith v. Commonwealth,* 148 Ky. 60, 146 S.W. 4 (1912).

In *Dukes v. State,* 33 Ala.App. 474, 34 So.2d 707 (1948), the court rejected appellant's contention that a witness who is a coindictee of the appellant is an accomplice as a matter of law, holding that this is an issue of fact to be decided by the jury. The court did find that, even if the jury did conclude the coindictee was an accomplice, there was abundant evidence to corroborate his testimony. The Alabama Court of Criminal Appeals ruled similarly, 33 years later, in *Washington v. State,* 401 So.2d 236 (Ala. Crim.App.1981), that "in order for a defendant to invoke the § 12–21–222 prohibition mandating corroboration of an accomplice's testimony, the evidence must present an un-

disputed question of fact for the trial judge that the witness giving the testimony is an accomplice." "The mere fact that a witness is indicted for the same crime as the defendant does not per se raise a presumption that he was an accomplice." *Washington*, at 239.

In *People v. Napoli*, 126 A.D.2d 674, 511 N.Y.S.2d 101 (1987), a witness against Napoli had been indicted for the same offense (criminal possession of a weapon, third degree). The charges against the witness were dismissed by the District Attorney in return for his promise to testify against Napoli. The appellate court rejected Napoli's argument that the trial court committed reversible error in not charging the jury that the witness was an accomplice as a matter of law. The court held that the fact the witness was indicted along with Napoli did not mandate that he be considered an accomplice as a matter of law. The trial court properly charged the jury that whether the witness was an accomplice was a question of fact for it to decide. The appellate court noted that the evidence linking the witness to the offense was weak.

As indicated in the State's brief, the few cases in which a witness indicted for the same offense as the accused is an accomplice as a matter of law have factors present, in addition to the indictment, connecting the witness to the offense, i.e., other evidence, a guilty plea to the same offense by the witness or to a lesser offense, a dismissal of the indictment as part of a "deal" to testify against the accused, etc.

### IV.   Conclusion

In this case, little evidence was presented that Allen shot the victim as no .380 rounds were recovered from the body. Allen testified he shot in a direction away from her. The testimony tended to show Allen had no advance knowledge that appellant intended to kill the victim. On the other hand, Allen did plead guilty to attempted murder. Given the evidence presented, it is my opinion that the trial court did not err in failing to charge the jury that Allen was an accomplice witness as a matter of law, as this was properly a question of fact to be decided by the jury. It is also important to note that only a find-

ing of probable cause is necessary to indict an individual. Frequently, a grand jury indicts an individual without the benefit of his or her testimony. With such a relatively small amount of evidence needed to indict the witness, it is certainly possible the jury could determine that the witness' testimony is credible despite his having been indicted.

I respectfully dissent to the Court's decision to refuse the State's Petition for Discretionary Review and would urge the Court to reconsider its decision in order to reexamine the automatic application of the accomplice-witness rule as applied to a witness who has been indicted for the same offense as the accused.